MARSHALL *versus* MITCHELL.

The payee of a note, after having indorsed and negotiated it, waives demand and notice, by agreeing with the maker to pay it and take it back into his own hands.

Such an agreement, though made with the maker of the note, enures to the benefit of the indorsee, in an action against the indorser.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT against the indorser of a promissory note, payable in two years from its date. See 34 Maine, 227, where the same case was under consideration.

Mitchell, the defendant, on April 3, 1848, sold to one Merrow a shop, being personal property, for $350, taking $50 in cash and Merrow's two notes of that date for $150, each. Both of these notes he negotiated, by indorsing thereon his name in blank. It is upon one of those indorsements that this suit is brought.

When Merrow gave the notes, he also, to secure the payment of them, mortgaged the shop to Mitchell.

The plaintiff introduced Merrow as a witness, who testified

that, in Sept. 1849, the sale of the shop was rescinded ; Merrow agreeing to give up all claims to it, and Mitchell agreeing to take it back, and to pay and cancel the two notes of $150 each, which he had sold.

The plaintiff thereupon contended that Mitchell, by that agreement, had waived the necessity of demand on the maker of the note, and of notice to himself of its non-payment.

In defence, testimony was offered, tending to prove that, in February or March, 1850, Mitchell, with the consent of Merrow, agreed to sell the shop to one Lawton, for the sum of two hundred and fifty dollars ; and that Mitchell, by the consent and agreement of Merrow, was to take up the note in suit, with the proceeds of said sale, if Lawton should pay for the shop, the other note having been already taken up by Mitchell.

Lawton, however, did not take the shop or pay for the same, and it was destroyed by fire on April 6, 1850, Merrow having continued in possession of it until that time.

The Judge instructed the jury that, " if the defendant, in Sept. 1849, agreed with Merrow to take back the shop, and to take back the notes, he had thereby waived demand and notice, and the plaintiff would be entitled to a verdict."

The jury returned a verdict for the plaintiff, and the defendant excepted to the instructions.

*Evans*, for the defendant.

The *agreement* to rescind, testified by Merrow, was never executed. It was an agreement not binding on him — no transfer was made.

He retained the shop until it was destroyed.

An *unexecuted agreement* is not to have the effect of an *executed* one.

Mitchell's agreement to pay the note was only binding in the event he received back the shop.

If Merrow refused to surrender it, Mitchell was under no obligation to pay the note. The consideration of the promise failed. Merrow never did surrender, but retained the property till the last.

The jury should not have been told that the *agreement* merely was a waiver, but the *fulfilment of the agreement.*

The agreement, whatever it was, was modified by that of March, 1850; or rather that of March was substituted for it, by which Mitchel was to pay the note, out of the proceeds of the sale to Lawton.

The sale was never perfected.

The plaintiff was no party nor privy to these contemplated arrangements, and can claim no benefit from the agreement of the defendant.

Herein the case differs from *Mead* v. *Small,* 2 Greenl. 207.

*H. W. Paine,* for the plaintiff.

WELLS, J. — The object and purpose of notice to an indorser is, that he may take measures to indemnify himself, when a fruitless demand has been made upon the maker. If the indorser has security in his own hands fully equal to his liability, he can suffer no loss by the want of demand and notice, and therefore he has been held liable in such case, without proof of those facts. *Mead* v. *Small,* 2 Greenl. 207; *Corney* v. *Mendez Da Costa,* 1 Esp. 301; 3 Kent's Com. 113. And if the security is taken before the maturity of the note, it cannot be material whether it was before or after its negotiation. In either case it furnishes an indemnity.

No instruction to the jury was requested upon the effect to be given to the loss of the security. Nor does it become necessary to decide upon the duty of the defendant in relation to it, for the case is not submitted for decision upon the facts, but upon the legal questions raised.

It is contended, that the agreement on the part of the defendant with Merrow, the maker of the notes, to take back the shop, which was the consideration for them, and take up the notes, could have no effect unless it was executed. But that part of the agreement, which relates to taking up the notes, would induce Merrow to refrain from making any pre-

paration to pay them, and he would not expect a demand of payment to be made on him. It was equivalent to saying to him, that he need not pay the notes, but they should be paid by the defendant. And in case they were to be paid by the defendant, there could be no necessity for the plaintiff to call on the maker, or to give notice to the defendant.

A promise at the time a note is negotiated to take it up, if not paid by another party, has been held a waiver of notice. *Boyd* v. *Cleveland*, 4 Pick. 525.

The promise of the defendant several months before the note was due, made to the maker, that he would take it up, was a fact of which the plaintiff had a right to avail himself. He could safely repose upon such promise, although not made to himself, with the expectation it would be performed, and forbear to do those acts, which, if the defendant's promise were fulfilled, would be rendered entirely unnecessary. It is not for the defendant to say, after he has made the promise, that the plaintiff should not have relied upon it. Any holder of the note might justly infer from such promise a waiver of demand and notice. When the indorser says to the maker, he will pay the note, it is a declaration that the other parties need not give themselves any trouble in relation to it. This language would justify their inaction. It excuses a call upon the maker to do what the indorser himself has agreed to perform, and as he has taken upon himself to act for the maker, he would know whether the action had been completed.

It is not necessary to determine whether the agreement to take back the shop would be valid if unexecuted, as that to take up the notes is sufficient to authorize a jury in finding a waiver of demand and notice. *Andrews* v. *Boyd*, 4 Metc. 434.                                        *Exceptions overruled.*

SHEPLEY, C. J., and HOWARD and HATHAWAY J. J., concurred.