Dickinson *v.* Colter.

———————◆———————

DICKINSON *v.* COLTER.

CONTRACT OF INDEMNITY.—*Construction.—Whether Original or Collateral.*—
A. executed to B. his written agreement, which, after reciting that B. was about
to appoint C. his agent for the purchase of grain, and to furnish him money for
that purpose, contained this provision: "I hereby become responsible to said"
B. "and agree to pay him all money that he may so advance to said" C. "and
that may be due him from" C. "from time to time, by reason of such advances."
*Held*, that the liability assumed by A. was primary and absolute, and not col-
lateral.
EVIDENCE.—*Admissions.*—The admissions of C. as to the amount due from him:
to B., made after he had abandoned his agency, were not admissible against.
A.
SAME.—*Harmless Error.*—A judgment will not be reversed on account of the-
admission of improper evidence, when the same fact is proved by competent-
testimony and the evidence upon the point involved is not conflicting.
PLEADING.—An answer is bad which sets up facts in direct conflict with a writ-
ten agreement sued on, and which contains no averment of a mistake of fact,,
and no prayer to reform the instrument.

.From the Wayne Common Pleas.

*W. A. Bickle,* for appellant.

*C. C. Binkley,* for appellee.

BUSKIRK, J.—The appellee sued the appellant upon the:
following instrument:

" Whereas John L. Berry is about entering into an arrange-ment with John Colter to buy corn for said Colter that will require the advancement from time to time by said Colter of money for such business to said Berry; now, in considera-tion of such agreement and the advancement by Colter of such money to said Berry, I, Charles A. Dickinson, hereby become responsible to said Colter, and agree to pay him, with-out relief from valuation and appraisement laws, all money that he may so advance to said Berry, and that may be due to him from Berry from time to time by reason of such advancements.

" September 22d, 1869. C. A. DICKINSON."

The complaint consisted of three paragraphs.

In the first, the execution of the above instrument was averred; that under and by virtue of such agreement, the plaintiff advanced to Berry from time to time the sum of two thousand eight hundred and seventy-one dollars and seventy-five cents; that said Berry at various times paid him in corn and services the sum of one thousand eight hundred and eighty-two dollars and twenty-five cents, leaving a bal-ance of nine hundred and eighty-nine dollars; that he demanded the same of Berry, who had failed and neglected to pay him the money, or to deliver to him corn for such balance; that on the 1st day of March, 1870, and at divers times before and since, he had notified the defendant of the balance due from Berry and demanded payment thereof, but defendant had neglected and refused to pay the same.

The second paragraph, in addition to the above facts, alleged the insolvency of Berry.

The third paragraph was the same as the first, except there was no averment of demand on Berry for the pay-ment of the balance due.

The appellant demurred separately and severally to each paragraph of the complaint. The demurrer was sustained to the third and overruled to the others, and proper excep-tions were taken.

The appellant answered in five paragraphs, the fifth being

a denial. A demurrer was sustained to the first, second, and fourth, and exceptions taken. The third was dismissed.

There was a trial by the court, resulting in a finding for the appellee. New trial refused and judgment.

The appellant has assigned for error:

1. Overruling demurrer to the first and second paragraphs of complaint.

2. Sustaining the demurrer to the first, second, and fourth paragraphs of the answer.

3. Overruling motion for a new trial.

The real and substantial question involved in the case is, whether the instrument sued on created an original and primary, or a collateral and secondary liability against the appellant; in other words, whether he assumed the liability of a surety or guarantor. If the former, the complaint is good, if the latter, it is bad.

In our opinion, the liability created by such instrument was primary and absolute. The appellant unconditionally agreed to pay to the appellee all money which he might, in consideration and in pursuance of such agreement, advance to Berry, and which should at any time be due from Berry to appellee, by reason of such advancement.

We do not deem it either necessary or proper to enter into an examination and review of the authorities bearing upon the question under examination, as the subject has quite recently undergone a very full and elaborate investigation by this court in *McMillan* v. *The Bull's Head Bank*, 32 Ind. 11. There is much conflict among text writers, and in the adjudged cases in England and in this country, as to what constitutes an original, and what a secondary liability. We shall not attempt to reconcile or harmonize these conflicting views. We have, upon thoughtful consideration, concluded to adhere to the ruling in the above case; and, applying the principles there enunciated to the case in judgment, we entertain no doubt that the instrument which is the foundation of the present suit created a primary and absolute liability against the appellant, and that the court com-

mitted no error in overruling the demurrer to the first and second paragraphs of the complaint.

The first, second, and fourth paragraphs of the answer proceeded upon the theory that the appellant had only assumed the liability of a guarantor; and we having reached the conclusion that such theory was unsound, it results that the ruling of the court in sustaining the demurrer to them was correct. If the first and second paragraphs of the complaint were good, the first, second, and fourth paragraphs of the answer were necessarily and unavoidably bad. Besides, they were bad for another reason. They set up facts in direct conflict with the written agreement sued upon, without any averment that there was a mistake of fact or attempt to reform the instrument.

We next inquire whether the court erred in overruling the motion for a new trial.

The first reason for a new trial was, that the court erred in admitting in evidence the instrument sued on, for the reason that it was not stamped. At the time the motion for a new trial was made, this court had not decided that such instruments were admissible without being stamped. The objection has been withdrawn.

It is next claimed that the court erred in admitting in evidence the admissions of Berry as to the balance due from him to appellee, as testified to by C. C. Binkley, attorney for appellee. It is contended by counsel for appellee, that, under the peculiar state of facts, the admissions of Berry were competent.

Binkley testified, that as the attorney of appellee, he had in his hands for collection the claim sued on; that he called upon appellant and informed him that he wanted to see Berry; that appellant said Berry was absent from home, but would return by the next Saturday; that appellant then asked him how matters stood between Colter and Berry, to which he replied that he had a statement of the account, at his office, which showed a balance due of about a thousand dollars, which appellant could see by calling; that

appellant then stated that he wanted him to see Berry, and know what he proposed to do about it; that he afterward saw Berry who made the statement given in evidence; that he shortly afterward saw appellant and informed him of the result of his interview with Berry, and that Colter would have to look to him for the balance due, and that on the same day appellant called at his office and examined the statement, and said that he would have to see about it.

In our opinion, the circumstances stated do not render the admission of Berry as to the amount due from him to Colter admissible.  It is true the appellant requested Binkley to see Berry, not, however, to ascertain the amount due, but to find out what he proposed to do about the payment of the balance due.  If the appellant had referred Binkley to Berry to ascertain the amount due, the statements or admissions of Berry in reference to such matter would have been admissible against appellant, but such was not this case.  The appellant was not a party to the contract between Colter and Berry.  His obligation was an original and independent one. As between the appellant and appellee, the appellant occupied the relation of an original promisor, but as between appellant and Berry, the former is the surety of the latter. In an action between appellant and Berry, the admissions of Berry would be competent.  If the appellant's obligation had been collateral, the admissions of Berry, while engaged in the transaction of the business, so as to constitute them a part of the *res gestæ*, would have been admissible.  1 Greenleaf Ev. 215, sec. 187.  The admissions of Berry were made after he had abandoned his contract with Colter, and were not made in connection with the doing of an act, and consequently were not binding upon appellant. *Hynds* v. *Hays*, 25 Ind. 31.  Nor was he a party to the record.

We think the court erred in the admission of such evidence, but it does not necessarily follow that we must reverse the judgment.  We held in *Thompson* v. *Wilson*, 34 Ind. 94, that where illegal evidence was admitted, the pre-

sumption would be, that it injuriously affected the other party, unless it clearly appeared that it did not, and we adhere to such ruling and think that such presumption should be indulged where there is conflicting testimony ; for in such case we can not clearly and plainly see that it did not injure the other party. In the case in judgment, the appellee proved the entire transaction between him and Berry, except the payment of three hundred dollars, by Thomas Sheppard, and as to that, Mr. Binkley testified, as an independent fact and disconnected from his conversation with Berry, that he paid to Berry three hundred dollars, which had been given him by Colter. The evidence of Sheppard and Binkley covered every fact which the plaintiff was required to prove to make out his case, and such evidence was uncontradicted and unrebutted.

The appellant offered no evidence as to the balance due. The finding of the court was fully supported by the evidence. In fact, no other finding could have been rendered. In such case, we can plainly and clearly see that the illegal evidence did not, and could not, injure the appellant. In such case, we cannot reverse a judgment for the admission of incompetent evidence.

The court committed no error in overruling the motion for a new trial.

On the 21st of February, 1873, an opinion, in substance the same as the above, was filed in this cause. Counsel for appellant filed an earnest and very elaborate petition for a rehearing, in which we were asked to overrule the case of *McMillan* v. *The Bull's Head Bank, supra.* A rehearing was granted, so that we might re-examined the question. Additional briefs were filed. We have again examined the authorities, and in view of the irreconcilable conflict, we have concluded that it would be better to adhere to the former ruling of this court.

We find no error in the record.

The judgment is affirmed, with costs.