[No. 4,472.]

MORRISON BRYANT v. C. E. WILCOX AND M. M. FEDER.

WAIVER OF PROTEST OF NOTE.—If the endorser of a promissory note, before the maturity of the same, tells the holder to give himself no uneasiness about the note; that it will be paid at maturity; that he is collecting money for the maker, and that he will see that the note is paid; this promise amounts to a waiver of demand, notice and protest.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

The plaintiff had judgment, and the defendant Feder, who was the endorser, appealed.

The other facts are stated in the opinion.

*W. C. Belcher* and *W. F. Goad*, for the Appellant.

*S. T. Kirk*, for the Respondent.

Feder, the endorser, is liable for the amount of the note, if being an endorser, he promised, either before or after maturity, to pay the same, having at the time a knowledge of the facts and circumstances. (Story on Promissory Notes, 5th ed., Sec. 364 and note on page 334; also Secs. 276, 279, 280; *Bruce* v. *Lytle*, 13 Barb. Sp. Ct. 163; *Renyolds* v. *Douglas*, 12 Pet. 505; *Tabbetts* v. *Dowd*, 23 Wend. 379.)

In section three hundred and sixty-four of Story, cited above, it is laid down that any words ("I will see it paid;" "It must be paid,") which naturally imply a promise, are sufficient to bind the party using them.

By the Court, Crockett, J.:

The action is against the defendant as the endorser of a promissory note made November 15, 1871, and payable twelve months after date. As the law then stood three days of grace were allowed, and the note became due on the 18th of November, 1872, but was not presented on that day to the maker for payment, and no sufficient excuse is shown for the failure to present it, unless the facts found by the Court constitute a waiver by the defendant of demand and notice. But the Court finds that immediately before the maturity of the note the defendant told the plaintiff "to give himself no uneasiness in regard to the payment of the note; that it would be paid at maturity; that he was collecting money for defendant, Wilcox (the maker of the note), and that he, Feder, would see that the note was paid." This promise amounted to a waiver of demand and notice. The question was very fully discussed, and the authorities collated in *Bruce* v. *Lytle* (13 Barb. 163), and the Court held, correctly as we think, that such a promise, made before the maturity of the note, is a waiver of demand and notice. This finding is attacked, on the ground that it

was not justified by the evidence; but there was a substantial conflict in the evidence, and we cannot disturb the judgment on this ground.

Order and judgment affirmed. Remittitur forthwith.

Neither Mr Justice RHODES nor Mr. Justice NILES expressed an opinion.