MARTIN *v.* COLE.

1. The legal import of a blank indorsement upon a promissory note cannot be varied by parol.

2. Where a cause is tried by the court without a jury, exception must be taken to the judgment of the court if the party aggrieved wishes to have it reviewed in this court.

*Error to the District Court of Arapahoe County.*

ASSUMPSIT. On the 17th of July, 1868, Webb made his promissory note payable to Martin or order, eighteen months after date, for the sum of $1,414.15, with interest at three per cent per month from date until paid. The note was indorsed, "Pay to the order of Luther A. Cole, value received. John H. Martin." Cole as indorsee sued Martin as indorser. The cause was tried by the court without a jury, and the plaintiff recovered judgment for $2,478.07. Thereupon Martin sued out this writ of error.

Mr. THOMAS G. PUTNAM, for plaintiff in error.

Messrs. SAYRE & WRIGHT, for defendant in error.

A. W. STONE, J. This is an action by an indorsee against the indorser of a promissory note. The defendant filed a special plea, setting up a parol contemporaneous agreement between himself and the plaintiff, that the indorsement was made in blank, to enable the holder to collect it in his own name, and that it should never be filled up so as to make the defendant liable in any manner upon the same. To this plea the plaintiff demurred, and the demurrer was sustained. The defendant sought to prove the facts set up in the plea, under the general issue. The judgment on the demurrer and the refusal of the court to admit the proof under the general issue, is assigned as error.

The extent and character of the undertaking by general indorsement is fixed by law. It is, that the note is due and payable according to its tenor, that the maker is of the ability to pay it when due, and that by the use of due diligence it is collectible. This legal import cannot be varied by parol. *Mason* v. *Burton,* 54 Ill. 349 ; *Beattie* v. *Browne,* 64 id. 360 ; *Campbell* v. *Robins,* 29 Ind. 271.

The plea and offer of proof is an attempt to make a general indorsement, a restrictive indorsement ; that the contract made was different from that expressed.

This cannot be done without a violation of established principles. In the case of *Dale* v. *Gear,* 38 Conn. 18, the plea was substantially like the plea in this case, and a demurrer to it was sustained. The chief justice says : "It presents a naked case of an attempt to prove by parol that a clear and unambiguous contract of warranty is not such, and to contradict it in terms — to turn an indorsement without restriction before maturity, into a restricted indorsement. Such a plea cannot be sustained without a violation of essential principles."

He goes on to say : "It may be shown that there was an equity arising from an antecedent transaction, including an agreement that the note should be taken on the sole reliance and responsibility of the maker, and that it was indorsed

in order to transfer the title, in pursuance of such agreement, and that the attempt to enforce it is a fraud."

This case was again brought before the court on different pleadings, where this antecedent equity and a fraud in procuring the indorsement was plead, and the plea was sustained. 39 Conn. 89. Such cases are exceptions to the general rule.

The plea contains no averment of fact, which constitutes an exception to the general rule, and the offer of proof is but a repetition of the facts stated in the plea.

The authorities cited, when applied to the facts of the case, do not sustain the position of the learned counsel for the plaintiff in error. The motion to suppress certain interrogatories and depositions was properly overruled. Whether the evidence showed that the property of Webb, the maker of the note, was exhausted or not, it is not necessary to consider, as no exception was taken to the finding and judgment of the court. *Phelps* v. *Spruance*, 1 Col. 414.

The judgment of the court is                     *Affirmed.*