### DOOM ET AL. v. SHERWIN.

1. BILLS AND NOTES—INDORSEMENTS.

When a promissory note is indorsed "without recourse" by the payee, and afterwards indorsed in blank by the transferee, and in like manner by subsequent transferees, the contract of indorsement expressed by the words "without recourse" is available only to the payee, whose individual contract it was.

2. SAME.

An indorsement by the payee of a promissory note is necessary to transfer title to the note, but an indorsement by the transferee is not required, as he can pass title by delivery.

3. SAME.

The liability of indorsers who have signed in blank is fixed by law and cannot be changed by parol proof.

*Appeal from the District Court of Arapahoe County.*

Mr. GEORGE J. BARKER, Mr. R. A. FRENCH, Mr. H. E. HOYT and Mr. DANIEL PRESCOTT, for appellants.

Mr. C. C. PARSONS and Mr. LUCIUS P. MARSH, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

One William B. Merrill executed his promissory note, payable to the order of L. M. Goddard. This note was transferred by Goddard by indorsement to Doom, Chamberlin & Company, and by them to Clint Roudebush, and by the latter to Albert Sherwin, who instituted this suit against the maker and guarantors. In the district court judgment was rendered against Doom, Chamberlin & Company, and by them the case is brought here by appeal.

The controversy here, as in the court below, is based entirely upon the indorsements upon the note, which are as follows:

> " Without recourse.    L. M. GODDARD.
> " DOOM, CHAMBERLIN & CO.
> " CLINT ROUDEBUSH."

Appellants' contention being that the words "without recourse" constitute the contract of indorsement available to each indorser. Appellee contends that Goddard only is entitled to the benefit of the same.

Doom, Chamberlin & Company are the only parties before this court contesting the judgment of the district court. It stands admitted by the pleadings that their indorsement was made for a valuable consideration to pass title in the note to Roudebush. It appears that Doom, Chamberlin & Company were the owners of the note at one time, and while such owners transferred the same to Roudebush, who in time attempted to negotiate it with plaintiff, but plaintiff refused to purchase the note without the indorsement of Doom, Chamberlin & Company.

The words "without recourse" are available only to Goddard, the payee in the note, it being his individual contract of indorsement. This result will with equal certainty be reached whether we take the written instrument with or without the oral testimony admitted by the trial court. Goddard being the payee, his signature was necessary to transfer title to the note, but this is not true of appellants. They could pass title by delivery, and their indorsement could only have been made for the purpose of guaranteeing the genuineness of the note and its payment, and the presumption is that their indorsement was made for these purposes, hence they are *prima facie* liable upon the note.

And if the oral evidence is to be considered, we find that the indorsements were made at different times and are separate contracts. And Doom, Chamberlin & Company having signed the note in blank, their liability is fixed by the law

and cannot be changed by parol proof. *Martin v. Cole*, 3 Colo. 113; *Dunn v. Ghost*, 5 Colo. 134.

The judgment of the district court is affirmed.

*Affirmed.*