[No. 5196.]
[No. 2806 C. A.]

## TORBERT V. MONTAGUE.

1.  **Bills and Notes—Blank Indorsements—Parol Evidence—Evidence.**

     The legal effect of a blank indorsement on a promissory note cannot be varied by parol evidence; and all testimony in regard to a parol agreement between the indorser and indorsee contemporaneous with such indorsement is incompetent.—P. 327.

2.  **Bills and Notes—Presentment and Protest—Waiver.**

     Presentment for payment and waiver of dishonor may be expressly or impliedly waived in accordance with sections 82 and 109 of our Negotiable Instruments Act—Mills' (Rev.) Stats., §§ 246k, 248j; and such waiver may consist of acts and declarations of the indorser calculated to mislead the holder, put him off his guard, or induce him to forbear taking the necessary steps to charge such indorser.—P. 327.

*Appeal from the District Court of Arapahoe County. Hon. Booth M. Malone, Judge.*

Action by Edna Montague against W. R. Torbert. From a judgment in favor of plaintiff, defendant appeals.                              *Affirmed.*

Mr. HENRY HOWARD, Jr., for appellant.

Mr. LUCIUS W. HOYT and Mr. C. F. MILLER, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

A trial to the court below, without a jury, resulted in a judgment against appellant as indorser upon three promissory notes.

It is conceded that there was no presentment of the notes for payment, as required by section 70, and no notice of dishonor, as required by section 89 of the Act of 1897, "Negotiable Instruments," 3 Mills'

(Rev.) Stats., sections 245m and 247d. But it is claimed that there was a waiver of presentment and notice of dishonor under sections 82 and 109 of the above statute, which are as follows:

"Section 82. Presentment for payment is dispensed with: 3. By waiver of presentment, express or implied."

"Section 109. Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied."

Over defendant's objection, plaintiff's husband, who was acting as her agent in the matter, was allowed to testify, in substance, that, at the time the notes were indorsed and delivered to witness by Mr. Fowler, of the firm of Torbert & Fowler, of which firm appellant was a member, Mr. Fowler said, quoting from the abstract of the record:

"That they (meaning Torbert & Fowler) would be responsible for the interest and the principal when it becomes due; that I would have nothing to do whatever with the collection of the note, or the principal of it; that they would look after the collection of the note when it became due, and pay me the interest when it became due"; and that the same statement was substantially repeated several times thereafter prior to the maturity of the notes.

A motion to strike out all of this testimony, interposed by defendant's counsel, was overruled, and an exception saved.

There is evidence in the record to the effect that Torbert & Fowler were conducting a chattel loan and business chance business in the city of Denver; that the notes upon which this suit was brought were indorsed by Mr. Fowler in the name of Torbert & Fowler at the time they were delivered to appellee's agent; that the firm of Torbert & Fowler managed

and conducted the entire business for appellee, collecting and paying over to her the installments of interest as they fell due and a portion of the principal of one of the notes, which seems to have been realized from the foreclosure of a chattel mortgage given to secure the note upon which a partial payment was made.

In short, the evidence tends to prove that Torbert & Fowler were acting as the agents of appellee in the matter. Appellant did not introduce any evidence. The judgment of the court, set forth in full in the abstract, conclusively shows that it was based, in part at least, upon the testimony of the witness as to a parol agreement made contemporaneously with the indorsement of the notes to appellee.

It is settled in this state, that the legal effect of a blank indorsement, which was the indorsement upon the notes sued upon in this action, cannot be varied by parol.—*Martin v. Cole*, 3 Colo. 113; *Dunn v. Ghost*, 5 Colo. 134; *Doom v. Sherwin*, 20 Colo. 234.

This being the rule, all testimony as to a parol agreement between the indorser and the indorsee contemporaneous with the indorsement of the note sued upon, was incompetent, and should have been rejected.

It is insisted by appellee that there is sufficient evidence in the record, exclusive of the incompetent testimony above referred to, to support the finding of the court to the effect that there was a waiver of presentment for payment and notice of dishonor.

As seen above, by sections 82 and 109 of the Negotiable Instruments statute, presentment for payment and notice of dishonor may be waived, and the waiver may be express or implied.

Appellant concedes this to be the law, but insists that the testimony relied upon, which is quoted from the abstract, *supra,* does not prove a waiver.

The findings of the court were as follows:

"I am compelled to find, from the evidence in the case, that the evidence discloses the fact that the conduct and promises and manner of transacting the business by the firm, on the part of Mr. Fowler at that time, misled and caused the plaintiff to rely upon those promises and upon that course of conduct, to the extent that she left the matter entirely to the firm of Torbert & Fowler to attend to the collection and take charge of the matter, and that the evidence discloses they got their pay for it and got their commission on this matter, and undertook the responsibility of doing it and that was the cause, under the evidence at least, for the failure on the part of the plaintiff to present these notes and give any further notice of dishonor."

The authorities are:

"Any act, course of conduct, or language of the drawer or indorser calculated to induce the holder not to make demand or protest or give notice, or to put him off his guard, or any agreement by the parties to that effect, will dispense with the necessity of taking these steps, as against any party so dealing with the holder."—Daniel on Negotiable Instruments, section 1103.

"Waiver may be implied from the actions of the drawer or indorser, it being a question of fact for the jury whether such acts amount to a waiver. Any act which puts the holder off his guard and so induces him to neglect proper demand or notice, is a waiver."—Randolph on Commercial Paper, section 1383.

In *Bryant v. Wilcox*, 49 Cal. 47, it is said:

"But the court finds that, immediately before the maturity of the note, the defendant told the plaintiff 'to give himself no uneasiness in regard to the payment of the note; that it would be paid at maturity; that he was collecting money for defendant, Wilcox

(the maker of the note), and that he, Feder, would see that the note was paid.' This promise amounted to a waiver of demand and notice.''

Parsons states the law on this subject thus:

''Demand and notice may be waived by an act of the indorser or drawer calculated to put the holder off his guard, and prevent him from treating the note as he would otherwise have done.''—1 Parsons on Notes and Bills, 582.

On this subject, Edwards says (section 848):

''And any conduct on the part of the drawer or indorser calculated to, and actually inducing the holder to omit serving him with a regular notice, will have the same effect.'' (That is, the same effect as an agreement made by the drawer and indorser waiving notice.)

See, also: *Boyd v. Bank of Toledo*, 32 Ohio St. 526; *Marshall v. Mitchell*, 35 Me. 221; *Bruce v. Lytle*, 13 Barb. 163.

The question to be determined is, whether, upon a fair construction of the language used by Fowler, his conduct in relation to the matters in controversy, and his acts as agent of appellee, was calculated to mislead appellee, to put her off her guard, and to induce her to forbear taking the necessary steps to charge appellant as indorser.

In *Union Bank v. Magruder*, 7 Peters 287, the United States Supreme Court, according to the head-note, held:

''Whether certain declarations by the indorser of a note amounted to a waiver of demand on the maker and notice to the defendant, or to a new promise in consideration of forbearance, are questions of fact for the jury, under instructions from the court, not mere questions of law.''

Declarations intermixed with acts and conduct, as in this case, seem to us to raise a question of fact

to be determined by the court or jury. So the rule is stated by Daniel, section 1103, and Randolph, section 1383, quoted above.

The court below found this fact against the appellant, and we do not feel at liberty to disturb it.

In view of all the circumstances surrounding this case, as disclosed by the transcript of the evidence, which has been read with great care, the judgment will be affirmed.                        *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.