## No. 9545.

THE ROCKY MOUNTAIN MOTOR CO., ET AL. *v.* WALKER.

Decided January 9, 1922.   Rehearing denied February 6, 1922.

Action in replevin.   Judgment for plaintiff.

### *Affirmed.*

1. APPEAL AND ERROR—*Practice.*   Questions not presented in compliance with court rules 8 and 31, will not be considered.

2. TRIAL—*Nonsuit.*   Where the evidence is in conflict on all issues raised by the pleadings, the questions are of fact for the jury. In such circumstances a motion for nonsuit should be denied.

3. INSTRUCTIONS—*Partnership.*   Propositions of law should be concretely stated and not in the abstract, and the entire law upon any one proposition should, so far as practicable, be embodied in one instruction.

   A requested instruction on partnership held faulty as omitting personal responsibility for partnership engagements and losses.

4. *Joint Ownership.*   An instruction on this subject should tell the jury what in law would constitute joint ownership, and not leave to them the determination of the legal question

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. JOHN T. BOTTOM, for plaintiffs in error.

Mr. L. J. STARK, for defendant in error.

MR. JUSTICE WHITFORD delivered the opinion of the court.

IN the trial court defendant in error was plaintiff and the plaintiffs in error were defendants. The parties will be denominated as in the court below.

This is an action in replevin brought by the plaintiff to recover from defendants two automobiles. The defendants contend that the plaintiff and defendants were partners and joint owners of the two automobiles. The evidence was conflicting. The verdict and judgment were for the plaintiff.

The defendants cannot be heard on many of the questions which they now seek to have reviewed here, because of their omission to observe the requirements of rules 8 and 31 of this court.

Error is assigned in denying the motion for a non-suit. The court committed no error in so ruling. The evidence was in sharp conflict on all the issues raised by the pleadings and presented questions of fact for the determination of the jury, and not questions of law for the court.

The defendants reserved one exception only to the instructions given, and that was waived by not incorporating it in their motion for a new trial, as required by rule eight of this court.

Another assignment of error is the refusal of the court to charge the jury as follows:

"The court instructs the jury that to constitute a partnership, as to partners themselves, it is only necessary that each of them contribute their capital, labor and credit, or skill and care, or two or more of these, and that all the contributions are put together into a common stock or a common enterprise, to be used for the purpose of carrying on business for the common benefit."

This is a request to have the court state to the jury a naked legal proposition of law. This court has repeatedly

said that in instructing the jury, "propositions of law should be concretely stated and not in the abstract, and that the entire law upon any one proposition should, so far as practicable, be embodied in one instruction." *Denver Cons. E. Co. v. Walters,* 39 Colo. 301-312, 89 Pac. 815, 818. But the proposition of law attempted to be stated in the request is faulty, at least in one important particular, in omitting the personal responsibility for partnership engagements and losses. There was no error in refusing this request.

The refusal of the court to give the instruction requested on joint ownership was not error. It submitted to the jury to determine for itself what constituted joint ownership. The request should have told the jury what in law would constitute joint ownership, and if the jury found certain facts from the evidence specified by the court, that such a finding of fact by them would amount to joint ownership.

We find no reversible error.    Affirmed.

MR. JUSTICE TELLER and MR. JUSTICE ALLEN concur.