No. 11,354.

JONES *v.* DUNLAP.

Decided November 2, 1925.

Action to have a deed to real estate declared a mortgage. Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Exclusion of Testimony.* Where no exceptions were saved to rulings of the trial court excluding testimony, error based thereon will not be considered on review.

2. NEW TRIAL—*Motion.* All errors relied on as grounds of a motion for a new trial should be specifically set forth in the motion.

3. APPEAL AND ERROR—*Rulings on Evidence—New Trial.* If error in the admission or rejection of evidence is relied upon, the evidence improperly admitted or excluded must be specifically designated in the motion for a new trial.

4. *Conflicting Evidence.* Where the evidence is conflicting, if there is sufficient to support the judgment it will not be disturbed on review.

*Error to the District Court of Baca County, Hon. A. C. McChesney, Judge.*

Mr. A. L. MALTBY, for plaintiff in error.

Mr. ALLYN COLE, Mr. D. G. REYNOLDS, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit in equity to have an instrument which on its face is a deed to real estate, declared to be a mortgage. The instrument purports to convey, from plaintiff to defendant, a half section of land in Baca county. Judgment for defendant. Plaintiff has sued out this writ, and applies for a supersedeas.

The first three assignments of error concern the exclusion of certain testimony. The record shows that no exceptions were saved to the rulings complained of. For that reason we cannot review them. *Copeland v. Kilpatrick,* 38 Colo. 208, 210, 88 Pac. 472.

The fourth and fifth assignments of error concern the admission of some, and the exclusion of other, testimony, but neither of these assignments can be considered, because the motion for a new trial did not bring the rulings now complained of to the attention of the trial court. The motion simply alleged that "the court erred in rejecting evidence and testimony offered by the plaintiff material to the proof of allegations of his complaint herein." All errors relied on as a ground of a motion for a new trial should be specifically set forth in the motion. *First National Bank v. Lewis,* 57 Colo. 124, 139 Pac. 1102. In this case, the motion should have specifically designated the evidence improperly admitted or excluded. 29 Cyc. 947. Having failed to do so, the rulings complained of

cannot be considered on review. 3 C. J. 977. Moreover, under rule 8 of this court, only questions presented in such motion for a new trial will be considered here. *Rocky Mt. Motor Co. v. Walker,* 71 Colo. 53, 203 Pac. 1095.

The sixth and last assignment of error relates to the sufficiency of the evidence to support the judgment. While the evidence is conflicting, there is sufficient evidence to support the judgment, and under well settled appellate practice, the judgment cannot be disturbed upon the grounds urged in this assignment. *N. Y. Life Ins. Co. v. Fukushima,* 74 Colo. 236, 220 Pac. 994.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.