## No. 11,691.

### JAMES *v.* WARD.

Decided November 22, 1926.   Rehearing denied December 13, 1926.

Action on promissory note.   Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. BILLS AND NOTES—*Consideration—Proof.*   In an action on a promissory note, the burden of proving want or failure of consideration is on the party pleading it.

2. EVIDENCE—*Bills and Notes.*   In an action against a stockholder who indorsed a promissory note given by his corporation, evidence that the officers of the company did not use the money derived from the note for .the purpose for which it was procured, held properly excluded.

3. BILLS AND NOTES—*Consideration.*   Any consideration that will support a simple contract is sufficient for a promissory note, and an antecedent or pre-existing indebtedness constitutes a valid consideration.

4.    *Consideration.*   A note, signed by one who is an officer and stockholder to procure money for the corporation, is based on a valid consideration.

5.    *Consideration.*   Forbearance in not suing on a promissory note held a valid consideration for the execution of a new note.

6.    *Consideration—Presumption.*   The presumption in favor of consideration for a note as stated in C. L. § 3841, held fortified by the evidence in the instant case.

7.     *Indorser or Maker—Liability.*  In the instant case indorser of a
       promissory note held liable, whether he was a joint maker or indorser.

8.     *Promissory Note—Dishonor.*  Indorser of a promissory note held to
       have waived notice of dishonor under C. L. § 3926, by repeated assur-
       ances before and after maturity that he would see that the note was
       paid.

*Error to the District Court of the City and County of
    Denver, Hon. Samuel W. Johnson, Judge.*

Mr. F. L. HAYS, Mr. JOHN P. JAMES, for plaintiff in er-
ror.

Mr. FRANK E. HICKEY, Mr. DUKE W. DUNBAR for de-
fendant in error.

*En banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

WARD, plaintiff below, obtained judgment against
James, defendant, upon a promissory note; James brings
the case here for review and asks for a supersedeas.

The face of the note bears the signature of the maker,
Great Western Oil Inc.; it is payable to the order of Mary
Alice Ward, and was signed on the back, before delivery,
by James and one J. O. Williams, without restriction.
After maturity, Mrs. Ward endorsed it without recourse,
and transferred it for value to the present holder, Ben-
jamin Ward, plaintiff herein.

Mary Alice Ward had previously been an accommoda-
tion surety on another note executed by the above maker,
Great Western Oil, Inc., to a Denver bank.  The company
defaulted in payment, and Mrs. Ward had to mortgage
her own property in order to satisfy the bank.  James
held a large block of promotion stock in the company;
he was its attorney and also a director and secretary and

treasurer. When Mrs. Ward was forced to take care of the company's note, she claimed that she had been defrauded, and threatened suit against the company and its officers. The note sued on in this action was given to satisfy her. James admitted that Mrs. Ward had been taken advantage of, but blamed his associates for it. Nevertheless the controversy led to his signing the note; he gave her repeated assurances before and after its maturity that he would see that it was paid, and he testified that he did pay some of her taxes and interest. On account of the execution of the note in question, Mrs. Ward brought no action on the original obligation.

1. Defendant challenges the judgment on the ground that there was no consideration. C. L. 1921, § 3841 is applicable. It reads: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." This puts the burden of proof of want or failure of consideration on defendant.

There is no question that the company got the money, but James wanted to show from the books and other evidence that the officers of the company did not use it for the purpose for which it was procured, but the court refused to listen to him. The court was right; it would be a novel departure to listen to evidence as to how the company spent the money, or how the officers misspent it, after it was borrowed.

Any consideration that will support a simple contract is sufficient. C. L. 1921, § 3842. The antecedent or pre-existing indebtedness constituted a valid consideration. C. L. 1921, § 3842; *Wolf v. Larimer County Bank and Trust Co.* 79 Colo. 376, 246 Pac. 285; 8 C. J. p. 217, § 351; *Merchants' Bank v. McClelland,* 9 Colo. 608, 13 Pac. 723; *Lomax v. Colorado National Bank,* 46 Colo. 229, 237, 104 Pac. 92; *Godding v. Hall,* 56 Colo. 579, 597, 140 Pac. 165.

In *Reed v. First National Bank,* 23 Colo. 380, 383, 48 Pac. 507, it was held that the fact that the signers of a

note to procure money for a corporation, were its stockholders, and were thus interested in it, created a valid consideration for the execution of the note. The Reed case was decided before our Negotiable Instrument Act in 1897, but such interest of the signer, as a consideration, is as pertinent now as then. It applies to James, as a stockholder and officer of Great Western Oil, Inc.

Mrs. Ward's forbearance, in not carrying out her purpose of suing the company and its officers, was also a valid consideration. The presumption in favor of a consideration for the note, as stated in C. L. 1921, § 3841, was not overcome by the evidence in the instant case, but was fortified by it. Defendant's point is not well taken.

2. The parties take issue upon the question of whether James was a joint maker of the note, or an endorser. This is unimportant, and unnecessary to determine, in view of the fact that he is liable in either event. The only material defense left is that he did not have notice of dishonor, but he waived it by his words and conduct, even if it be conceded that such notice was necessary in the first instance. This was properly pleaded and proven. "Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied." C. L. 1921, § 3926.

Mrs. Ward, the original holder of the note, was an aged woman; she evidently relied upon defendant, an attorney. He drew up the note and other papers; as stated above he told her repeatedly both before and after the maturity of the note that he would see that it was paid, and no doubt he intended to do so. In *Torbert v. Montague,* 38 Colo. 325, 87 Pac. 1145, we held that waiver of notice of dishonor may consist of acts and declarations of the indorser calculated to mislead the holder, put him off his guard, or induce him to forbear taking the necessary steps to charge the indorser. We are forced to the conclusion that this is what happened in the case at bar. *Bryant v. Wilcox,* 49 Cal. 47, is also in point.

We find no error in the record; the supersedeas will be denied, and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD not participating.