No. 11,821.

TAKAMINE v. HIRSCHFELD.

Decided May 9, 1927.  Rehearing denied June 6, 1927.

Action on contract.  Judgment for plaintiff.

*Affirmed.*

On Application for Supersedeas.

1. APPEAL AND ERROR—*Sufficiency of Evidence.*  In an action on contract, evidence held sufficient to support a verdict for plaintiff.

2. FRAUD—*Statute of.*  Promise of the secretary of a corporation to pay a balance for printing stock certificates if printer ''would go ahead,'' which he did, held to be an original promise and not within the statute of frauds.

3.    CONTRACT—*Corporate Officer—Consideration.* The fact that defendant, a stockholder, director and secretary of a corporation, was interested in its success, constituted a valuable consideration for his promise to pay for printing furnished the corporation.

4.    APPEAL AND ERROR—*Motion for New Trial.* Questions not presented in the motion for a new trial will be disregarded on review.

*Error to the County Court of the City and County of Denver, Hon. E. J. Ingram, Judge.*

Messrs. ROBINSON & ROBINSON, Mr. W. F. ROBINSON, JR., for plaintiff in error.

Mr. PERCY S. MORRIS, for defendant in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

HIRSCHFELD, defendant in error and plaintiff below, sued Takamine on a contract and recovered judgment; first, before a justice of the peace and thereafter on appeal to the county court. Takamine, defendant, brings the case here for review and asks for a supersedeas.

The evidence shows that Takamine was the secretary and a stockholder and director of The Midwest Portland Cement Company, a Colorado corporation with a large authorized capitalization but no funds. Hirschfeld, a Denver printer, was engaged to print the stock certificates of the company, but the material was expensive and he refused to start the job without a down payment and an assurance from Takamine personally as to the payment of the balance. Hirschfeld, through a salesman, communicated the message to Takamine. The latter thereupon paid seventy-five dollars and promised to pay the balance when the certificates were delivered. The salesman so reported to Hirschfeld, his principal, who straightway printed and delivered the certificates

to the company. Defendant refused to pay. The amount is not questioned, but he claims that the company, and not he, contracted the bill.

The case was tried to a jury and there are three assignments of error: "First, that the evidence is insufficient to justify the verdict; second, that the verdict is contrary to the law; and, third, that there were errors occurring at the trial and excepted to by the defendant, or more particularly that the court erred in refusing to give instructions I, III, IV, V, VI, and VII, offered by the plaintiff in error."

1. For discussion, we consolidate the first two assignments which relate to the evidence and the law applicable. Neither point is well taken; the evidence was sufficient and the verdict was according to law. Defendant denies that he made the statement attributed to him, and his counsel write a strong brief, largely on evidential matters, but we are interested in the sufficiency of the evidence and not in its conflicting character.

2. Defendant's principal point is that the agreement, if made, was not in writing and was therefore void under that part of the statute of frauds, C. L. 1921, § 5111, which reads: "In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof, be in writing, and subscribed by the party charged therewith: * * * Second—Every special promise to answer for the debt, default or miscarriage of another person. * * *"

According to plaintiff's salesman, defendant, when he paid the seventy-five dollars, said that if they (the printers) "would go ahead, he (defendant) would pay the balance when the job was delivered." This was an original, not a collateral promise, and was binding on the promisor. *Spelts v. Anderson*, 67 Colo. 63, 185 Pac. 468; *Moon v. Greenlee*, 69 Colo. 482, 195 Pac. 1100.

3. Takamine admitted that as a stockholder, director and the secretary of the company he was interested in its success. This constituted a valuable consideration

to support his promise. *James v. Ward,* 80 Colo. 293, 250 Pac. 1097; *Rogers v. First National Bank,* 79 Colo. 84, 92, 243 Pac. 637; *Reed v. First National Bank,* 23 Colo. 380, 48 Pac. 507.

4. Other parts of the evidence not quoted and not necessary to quote here, might or might not have been enough to sustain defendant's theory of a guaranty void under the statute of frauds. It was a disputed question of fact as to what the agreement was. We have already commented upon it. No error is assigned upon the instructions given, but counsel for defendant prepared several instructions which embodied their theory of the case. They were asked for and refused. They are referred to in the third assignment of error, but we cannot go into them now without establishing a new and undesirable practice in violation of our rule 8 which reads: "The party claiming error in the trial of any case must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, only questions presented in such motion will be considered on review."

A motion for new trial was not dispensed with; the motion was made, but the alleged errors in refusing to give the instructions requested were not mentioned therein. Pursuant to above rule we shall disregard questions not presented in the motion for new trial. *Jones v. Dunlap,* 78 Colo. 221, 239 Pac. 989; *Rocky Mt. Motor Co. v. Walker,* 71 Colo. 53, 203 Pac. 1095.

Judgment affirmed.

Mr. Chief Justice Burke, Mr. Justice Butler and Mr. Justice Campbell concur.