## No. 13,518.

ADY, JR. *v.* WEICKER TRANSFER AND STORAGE COMPANY.

(48 P. [2d] 807)

Decided July 29, 1935.

Mr. LEON H. SNYDER, Mr. ROY O. SAMSON, for plaintiff in error.

Mr. WILBUR F. DENIOUS, Mr. HUDSON MOORE, Mr. DAYTON DENIOUS, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE BUTLER delivered the opinion of the court.

J. W. ADY, Jr., hereinafter referred to as the defendant, seeks the reversal of a judgment obtained against him by the Weicker Transfer and Storage Company, hereinafter referred to as the plaintiff. The case was tried to the court without a jury.

The Whitewater Granite Company, a corporation, was operating a stone quarry near Grand Junction. The defendant and Oliver Shoup and M. D. Thatcher were stockholders in the company, having put in "a considerable sum of money." Ady, Jr., was vice-president and a director. The company employed the plaintiff to haul stone from the quarry to the railroad station. On September 15, 1929, the company owed the plaintiff for such work about $5,000. About September 23 of that year, the plaintiff's president, R. V. Weicker, and its superintendent, A. D. Gallagher, had a conversation with the defendant, in which, according to the findings of the trial court, based upon sufficient evidence, the defendant agreed, in consideration of the plaintiff's continuing to move the granite, to become personally responsible for the bill for services rendered and to be rendered after the 15th of that month. According to the findings of the trial court, the plaintiff had either quit or was about to quit work, but in reliance upon the defendant's promise it continued to work until there was due it for services rendered after September 15, 1929, the sum of $1,485.66. Not having been paid the amount due, the plaintiff sued and obtained judgment therefor against the defendant. Originally Shoup and Thatcher were joined with Ady, Jr., as defendants, but the case was dismissed as to them.

Counsel for the defendant discusses the evidence at considerable length in an attempt to show that the trial court's findings are not supported by the evidence. No doubt, such matters were called to the attention of the trial court. We cannot say, after examining the evidence, that it does not sufficiently support the findings of the court.

Taking the facts recited above as established by

the evidence, the promise was an original promise and not within the statute of frauds. The judgment was only for the amount due for services rendered after September 15, 1929; it did not include the $5,000 due for services rendered prior to that date. The judgment is correct. *Moon v. Greenlee,* 69 Colo. 482, 195 Pac. 1100; *Spelts v. Anderson,* 67 Colo. 63, 185 Pac. 468; *Takamine v. Hirshfeld,* 81 Colo. 501, 256 Pac. 312; *Dickinson v. Colter,* 45 Ind. 445; *Mackey v. Smith,* 21 Ore. 598, 28 Pac. 974.

The judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE YOUNG concur.