No. 15,119.

REDINGTON *v.* JENKINS-MCKAY HARDWARE COMPANY.
(141 P. [2d] 891)

Decided September 20, 1943.

Messrs. HELLERSTEIN & GERTZ, for plaintiff in error.

Mr. LEROY J. WILLIAMS, Mr. JAMES D. DOYLE, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action by Jenkins-McKay Hardware Company, a corporation, against Thomas H. Redington, to recover, as it alleges, "for goods sold and delivered by plaintiff to defendant between June 21, 1939, and June 19, 1940."

Subsequent to filing complaint, plaintiff filed a bill of particulars in which the items constituting the demand were set forth. Answering, defendant alleged that he "was not indebted to the plaintiff in any amount whatsoever." On the contrary, as he further alleged, the items appearing in plaintiff's bill of particulars consisted of mine supplies and materials sold by it to Frontenac, Inc., a Colorado corporation. In the course of the trial, leave to that end being granted, defendant, proceeding by an amended answer, pleaded the statute of frauds ('35 C. S.A., chapter 71). On trial to the court, all issues were resolved in plaintiff's favor, and judgment was given as prayed in its complaint. As to items and sum, it is proper to observe, the claim was not contested at trial, nor in such regard is the judgment challenged on review. In the interest of understanding the relation of the parties to the controversy, we note that "Frontenac" is the name of a mining property in Gilpin county, of which plaintiff is part owner, while "Frontenac, Inc.," of which defendant is a stockholder and director, as well as secretary-treasurer, was lessee of the Frontenac property before and during the period involved. The goods for which recovery is sought were used by Frontenac, Inc., in operating the Frontenac property.

In all form plaintiff's books showed an account of goods sold and charged to defendant, in relation to which there appeared an unpaid balance in the sum demanded in the action. The account was consistent with the testimony of plaintiff's manager, to the effect that on or about June 21, 1939, defendant telephoned to him that the "Frontenac Mine needed some supplies," to which the manager responded that "Frontenac, Inc. had no credit with me, or with the Jenkins-McKay Hardware Company." That defendant then said: "Charge these things to me, and let the boys at the mine have what they need." Delivery of the items of the bill to men in charge of the work was shown. Defendant made

categorical denial of the story related by plaintiff's manager, and there was corroborative evidence, pro and con, emphasized by counsel. The record considered, we are persuaded the question became one of credibility of witnesses, well within the resolving function of the trial court, in which circumstances its finding for plaintiff is conclusive on us.

Assuming, however, such finding and its binding force on review, still, defendant urges, that the promise, not in writing, comes within the statute of frauds, and that liability of defendant is not predicable thereon. Considering the premises resulting from the court's finding, the promise was original rather than collateral or of guaranty; hence, not within the statute. *Ady v. Weicker Transfer & Storage Co.*, 97 Colo. 230, 48 P. (2d) 807.

Let the judgment be affirmed.