### DOHERTY v. MORRIS.

1. Any neglect to do the annual assessment work required by the Colorado statutes relating to mines is not excused by the failure of one or more joint owners to do such work under a promise to his co-owners to that effect; and a valid relocation, by a stranger, for such neglect, is not affected by such understanding between the original owners.

2. An "adverse claim" is not available to an original owner seeking to establish an equitable title in and not against a relocation of an abandoned lode.

3. In an "adverse claim" the fact that one of the original owners conspired with the person who relocated the property as an abandoned lode to make default on the assessment work is immaterial when, as a matter of fact, the annual work was not done.

*Appeal from District Court of Clear Creek County.*

"ADVERSE CLAIM" by Morris, appellee, against Bryan, appellant, with whom one Doherty was impleaded.

Mr. L. C. ROCKWELL, for appellant.

Messrs. MORRISON and FILLIUS and I. N. SMITH, for appellee.

ELBERT, J.  This action was brought by Morris in support of an adverse claim to a one-third interest in the Great Republican lode, for which Doherty had applied for patent.  Doherty relocated the property as an abandoned lode.  His claim was that the assessment work for the year 1881 had not been done by the former owners, Morris, Bryan and Alexander.  This was the principal question presented upon the trial below, and upon its determination in his favor depended the plaintiff's right to recover.  Prior to the relocation Morris owned a one-third interest in the lode, Bryan seven-twelfths, Alexander one-twelfth.  Alexander was a non-resident, and there is no pretense that he did the assessment work. Nor does Morris claim to have done it, but testifies that he arranged with and trusted to his co-tenant Bryan to have it done, agreeing to pay his proportion of the cost, whatever it should be.  Bryan denies any such arrangement, and testifies that the work was not done for that year.  Upon this point the court correctly instructed the jury "that any neglect to do required annual work is not excused by the failure of any supposed or actual promise of one or more joint mine-owners to do the work.  A valid location for such neglect is not affected by any such understanding or misunderstanding between the original owners."

There was an effort on the part of the plaintiff to show that the work done by Doherty on the lode was commenced by him under contract with Bryan as annual

assessment work, but afterwards claimed by him as relocation work. The evidence in this behalf, however, is extremely uncertain and indefinite in its character, and it is doubtful if it can be said to be in conflict with the positive testimony of both Bryan and Doherty to the effect that there never was any such contract made, or work done, as alleged. A certain road had been built by one Vandenburg to another mine near and adjoining the Great Republican, and it was claimed by Morris that there was an arrangement by which the owners of the Great Republican were to pay their proportion of the cost of this road as annual assessment work. If it be conceded that the work upon the road was such as under the law could be treated as assessment work, it appears quite clear from the evidence that no such arrangement was ever made, nor was any money paid upon any such account. Upon the main issue — was the assessment work done for the year 1881? — the verdict appears to be entirely unsupported by the evidence.

The additional matter set up in the amended complaint has no proper place in an adverse suit. The plaintiff seeks to establish thereby an equitable title *in*, not *against*, the Doherty location. The relief asked presupposes the patentable title in Doherty, and his entry of the lode upon his application for patent. Whatever equities the plaintiff may have in this behalf is matter for an independent proceeding.

Under the allegations of the amended complaint, an effort was made upon the part of the plaintiff to show that there was a conspiracy between Doherty and Bryan to make default on the assessment work, with a view to the relocation of the lode by Doherty. However this may have been, and whatever the complainant's equities in view of it, the fact remained that the annual work was not done, and this was conclusive against the plaintiff's right to recover in the suit in support of his adverse claim. In this connection the court erred in telling the

jury, in its fifth instruction, that if they believed from the evidence that Doherty and Bryan conspired together to relocate the claim, in order to shut out the interest of the plaintiff, the plaintiff was entitled to recover.

The judgment of the court below is reversed and the cause remanded.                                    *Reversed.*