[No. 1415.]

## HENNESSEY v. BARNETT.

1. CHATTEL MORTGAGES—REPLEVIN.

Where the mortgagee in a chattel mortgage took possession of the mort-gaged chattels for condition broken in failure to pay part of the purchase price, and the mortgagor claimed that the damage on account of breach of warranty by the mortgagee in delivering dam-aged property was equal to the unpaid balance of the purchase price, and that therefore the mortgagor owed nothing, an action in replevin by the mortgagor against the mortgagee to recover back the chattels was a proper action.

2. PLEADING—PRESUMPTION—PRACTICE IN JUSTICE COURT.

On appeal from a judgment in an action of replevin commenced before a justice of the peace where the record does not disclose the plead-ing, it will be presumed that such matters were pleaded by either party as could have been pleaded under that form of action, and upon the evidence disclosed.

3. EVIDENCE — EXCLUSION OF WITNESSES — DISCRETION OF TRIAL COURT.

The exercise of its discretion by the trial court in refusing to permit a witness to testify because of a violation of the rule excluding wit-nesses from the court room will not be disturbed, where the witness refused was defendant's daughter, and defendant made no showing purging himself of knowledge of or connection with the violation of the rule, although defendant's counsel made affidavit purging himself of all knowledge of or connection with the violation.

4. REPLEVIN—DEMAND.

A demand for the return of the property before instituting a suit in replevin is not necessary where the defendant claims the property by superior right, or where the facts in evidence show that a de-mand would have been unavailing.

*Appeal from the County Court of Arapahoe County.*

Mr. CLAY B. WHITFORD, Mr. H. A. LINDSLEY and Mr. WM. J. MILES, for appellant.

Mr. JOSEPH H. STUART, for appellee.

WILSON, J.

This was an action for the recovery of specific personal

property, instituted by the appellee as plaintiff before a justice of the peace. There were no written pleadings, outside of the plaintiff's affidavit in replevin, upon which summons and a writ issued, but the material facts upon which the suit was based as claimed by plaintiff, we gather from her testimony. She claims to have purchased at the store of defendant a folding bed, represented by defendant to be new and sound in every respect, at the agreed price of $35.00, $10.00 to be paid in cash, and the remainder in five several payments, for which she was to execute her notes, and secure them by a chattel mortgage upon the bed. The cash payment was made, and the notes and chattel mortgage executed. Upon the delivery of the bed at plaintiff's residence, she claims to have discovered that it had every appearance of being a secondhand piece of furniture; that it was scarred and otherwise abused; that she promptly notified the defendant, and promises were made that the matter would be looked into as soon as convenient; that someone did come and make some repairs to the bed, but that she still insisted that the contract should be complied with by defendant and was led to believe that it would be; that in the mean time, she had continued to pay off the notes as they became due until there remained only the last payment, when she refused to pay any more, defendant not having complied with his contract, as she contended, by giving her another bed of the character which she had bought and he had agreed to deliver. Thereupon the defendant by virtue of his chattel mortgage, under claim of condition broken, took possession of the bed, and plaintiff instituted this suit for its recovery. Upon trial to a jury, the verdict was in favor of plaintiff. Appeal was had to the county court, and for the second time the verdict of the jury and judgment were in favor of plaintiff.

The first and most important proposition urged by defendant for the defeat of the judgment is that this form of action will not lie. He insists that it being the settled doctrine in this state, announced by the supreme court and by this court, that upon condition broken of a chattel mortgage, the abso-

lute title to and the right to possession of the mortgaged property vest in the mortgagee, that therefore the plaintiff in this case could not have shown either the title or right to possession necessary to sustain this form of action. It is true that our courts have so held, but the doctrine is not applicable to the circumstances of this particular case. It cannot be disputed that replevin is strictly an action at law, and that equitable issues cannot be injected into and determined by it, but on the theory upon which the plaintiff in this case sought to recover, there were no equitable issues to be determined. Suppose that the chattel mortgage was void, or that the note which it was given to secure had been paid when it was sought to be enforced, could it be said that the mortgagor could not maintain replevin, and set up these facts to defeat the mortgagee's claim of title and right to possession? Most certainly not. Upon the same principle, the mortgagor could claim, as appears to have been this case, that there had been a failure of consideration for the last note, and that therefore the mortgage, partaking of the infirmity of the note, was no longer of any validity or effect. *Hutt v. Bruckman et al.*, 55 Ill. 441, is a well considered case on all fours with this. It presents this identical question, and the court held that the action could be maintained. The court said, " The debt is considered the principal, and the mortgage is a mere incident to it. Whatever defeats the principal should extinguish the incident. If appellant had paid the note, surely such payment would have been a complete defense. Any other defense which shows that Bruckman (defendant) is not entitled to have payment of the note, would seem to be equivalent to payment, so far as the validity of the mortgage is concerned." It is true that the record does not disclose a special plea by this plaintiff that the damages arising from the breach of the warranty equalled in amount the note remaining unpaid, and that it was sought to have such damages applied in extinguishment of that note, but it must be remembered that the action was in a justice court, and that there were no written pleadings required. It will be presumed, therefore, that such matters

were pleaded by either party as could have been pleaded under that form of action, and upon the evidence disclosed. We think that the action was maintainable.

Upon the trial in the county court, there was a rule entered excluding witnesses from the court room while others were testifying. The daughter of defendant violated this rule, and upon her presentation as a witness, she was objected to, and was excluded by the court. Whether or not a witness under such circumstances should be permitted to testify is largely within the discretion of the trial court, and the exercise of this discretion, as in other cases where discretion is given, will not be interfered with by an appellate court unless there clearly appears to have been an abuse of it. There is nothing in the record here to show any abuse of discretion. The counsel for defendant made an affidavit purging himself of all knowledge of or connection with the violation of the rule, but this is not necessarily sufficient; the court may very properly have required also an affidavit from the defendant himself, and especially so in this case, where the disobedient witness was his own daughter. This was not done, and the court might very reasonably have concluded that without some showing of this character, it was not proper to excuse the witness from the operation of the rule. Counsel may not have known that the witness was an important and material one until after the trial had commenced and the testimony of plaintiff had been taken, but the defendant himself must have known it, because she appeared and testified as a witness on the trial in the justice court.

There was some evidence that plaintiff, before commencing suit, demanded the return of the property, but this was disputed, and defendant claims that this question should have been submitted to the jury. He objects therefore to the instruction of the court to the effect that it was not necessary for the plaintiff to have made such a demand in this case. The instruction was not erroneous. The circumstances of this case bring it within that class of cases in which our supreme court has decided that a demand is not necessary.

The defendant not only contested the case upon the merits on a claim of superior right to the property, but the circumstances as shown by the evidence bring the case within the principle that proof of any circumstances which would satisfy a jury that a demand would have been unavailing, is sufficient to excuse this proof. *Lamping v. Keenan*, 9 Colo. 393.

Defendant also contends that the verdict was fatally defective because the findings were not such as required by the provisions of section 2031, Gen. Stats., which is a section of the act giving justices of the peace jurisdiction in actions of replevin, and regulating the practice therein. Even conceding, which we do not, the contention of the appellant that this case should have been tried in the county court according to the justices' act, his argument falls to the ground. The section to which we are cited only requires such findings to be made in cases where the property has been delivered to the plaintiff, and where the findings were for the defendant. Neither condition existed in this case. Plaintiff had not retained possession of the property, and the findings were not in favor of the defendant. The succeeding section, 2032, provides what the judgment shall be when it is in favor of the plaintiff.

This substantially covers all of the material assignments of error discussed by defendant, and all which it is necessary for us to consider. The claim that the verdict and the judgment were contrary to the weight of the evidence, cannot be considered, under the usual rule maintained by appellate courts in cases where there is a conflict of testimony, but there is evidence enough to support the verdict. Especially do we decline to interfere upon such ground, when as in the present case, the facts have been twice submitted to a jury, and twice found in favor of the plaintiff.

The judgment will be affirmed.

*Affirmed.*