[No. 4339.]

## Behrman v. Terry.

**Practice—Evidence—Exclusion of Witnesses.**

Where a rule is made excluding witnesses, who have not testified, from the court room while other witnesses are testifying and a witness returns to the court room in violation of the rule and hears the testimony of other witnesses, it is error to refuse, for that reason, to permit such witness to testify in the cause unless it be shown that the party calling such witness procured the witness to violate the rule or connived at such violation.

*Error to the County Court of Boulder County.*

Messrs. Robinson & McHarg, for plaintiff in error.

Mr. John R. Wolff, for defendant in error.

Mr. Justice Steele delivered the opinion of the court.

A judgment was rendered in the county court against the plaintiff in error in the sum of $125.00. We shall consider those assignments of error only which relate to the refusal of the court to permit certain of the witnesses to testify. At the trial a rule was entered excluding the witnesses while others

were testifying. Two witnesses returned to the court room during the trial, and the court refused to permit them to testify fully. Their examination was limited to matters not under consideration when they were in the court room. It did not appear that the defendant knew the .witnesses had returned to the court room or that the defendant induced them to violate the rule.

"The prevailing doctrine is that the violation of such an order by witnesses will not deprive the party whose witness he is of the benefit of his testimony, if the party himself is without fault. But where the order has been disobeyed by the consent or procurement of the party seeking to use the witness, the court may, in the exercise of a sound discretion, refuse to receive the testimony."—*Kelly v. Atkins,* 14 Colo. App. 208.

Under some circumstances, however, where close relationship exists between the witness and the party calling him, it is incumbent upon the party to show that he is without fault; and in the absence of such showing it is within the discretion of the court to exclude the testimony.—*Hennessey v. Barnett,* 12 Colo. App. 254.

In this case it does not appear .that the court, in the exercise of its discretion, excluded the testimony upon a showing, but the testimony was excluded solely because of the violation of the rule by the witnesses. This is not in accordance with the doctrine as announced by the court of appeals, nor as supported by the various text-writers upon the subject. It is stated by Wharton, in his work on Evidence, speaking on the subject of separation of witnesses, that "Whenever sufficient ground is laid for the application, the judge may, at his discretion, order such a separation of witnesses as may prevent those not yet examined from hearing the testimony

of the witness on the stand. Whoever is yet to be examined, if his presence be not necessary, is subject to this rule. A witness's testimony, it is true, will not be ruled out because he remains in the court, even willfully, after being ordered to withdraw; but he exposes himself, by his disobedience, to an attachment for contempt. But where the party calling the witness is to blame for the disobedience, then the witness may be excluded."—1 Wharton on Evidence, § 491. And in Phillips on Evidence it is said: "If a witness, who has been ordered to withdraw, continue in court, it was formerly considered in the judge's discretion whether or not the witness should be examined. But it may now be considered as settled that the circumstance of a witness having remained in court in disobedience to an order of withdrawal, is not ground for rejecting his evidence, and that it merely affords matter of observation. This seems to be the safest and justest course—not to exclude his evidence altogether, but to admit it, subject to such remarks as the circumstances may warrant—for, otherwise, an innnocent party, possibly both parties, might be made to suffer a serious injury from the carelessness of the witness, or, perhaps from his ill designs and ill will. A reluctant or hostile witness might thus accomplish his purpose, and defeat the party."—2 Phillips on Evidence, page 744.

The court erred in not permitting the witnesses to testify, although they had violated the order of court, and for this reason we must reverse the judgment. The court can, of course, when he has reason to suspect that a willing witness is present in violation of the order, to obtain instructions from the witness upon the stand, exclude his testimony if the party calling him procured the witness to violate the rule, or connived at it; but in the absence of anything in the record showing such conduct on the part of the

party, the testimony cannot be excluded.

An appearance was entered by counsel but no brief was filed in support of the judgment and we have assumed that he has conceded the position taken by the plaintiff in error.

The judgment is reversed.

*Reversed.*