[No. 5193.]
[No. 2802 C. A.]

## COPELAND V. KILPATRICK.

1. **Appellate Practice—Sufficient Evidence to Sustain Findings—Not Disturbed on Appeal.**

   A finding of the trial court based upon sufficient evidence to sustain it, will not be disturbed on appeal.—P. 210.

2. **Appellate Practice—Rejection of Evidence—No Exceptions—Not Reviewed.**

   Where no exceptions were saved to the rulings of the trial court in rejecting evidence offered by appellant, such rulings cannot be reviewed on appeal.—P. 210.

3. **Replevin—Demand Before Suit—Claim by Superior Right—Demand Unavailing.**

   A demand for the return of property before instituting an action of replevin is not necessary where the defendant claims the property by a superior right, or where there is proof of any circumstance which would satisfy a jury that a demand would have been unavailing.—P. 210.

**4. Judgments—Replevin—Findings of Separate Values.**

A judgment for plaintiff in an action of replevin of several animals is sufficient where there is a finding of the aggregate value of the animals, as the rule in this state does not require a finding of the separate value of each animal.—P. 210.

**5. Replevin—Judgments—In Alternative for Plaintiff—Harmless Error.**

A judgment for the plaintiff, in an action of replevin, in accordance with Mills' Ann. Code, § 227, should, as a rule, be in the alternative for the possession of the property, or the value thereof in case a delivery cannot be had; but, since this is for the protection of the plaintiff, the defendant cannot complain of a judgment for the return of the property only.—P. 211.

*Appeal from the County Court of Pitkin County.*
*Hon. Henry C. Rogers, Judge.*

Replevin by Ella G. Kilpatrick against W. S. Copeland. From a judgment for plaintiff, defendant appeals.                          *Affirmed.*

Mr. THOMAS A. RUCKER, for appellant.

Mr. R. G. WITHERS, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This was an action of replevin commenced in a justice court to recover possession of a number of horses.

The testimony as preserved in the bill of exceptions is in narrative form and in the briefest possible space, which makes it exceedingly difficult, if not impossible, to determine what issues were presented to and determined by the court below.

There is evidence of the ownership and right of possession of the property being in the plaintiff at the time of the commencement of the suit; of the value of the property; and that plaintiff had delivered the property to one Reynolds, with no authority to sell, who was to have the use of the property for keeping and taking care of it.

14

To meet this, defendant introduced evidence to prove that Reynolds, of whom he purchased the property, had exercised acts of ownership over it, and that at the time defendant purchased the property he believed that Reynolds was the owner thereof.

None of the acts of Reynolds was brought to the knowledge of the plaintiff previous to his sale of the property to the defendant, and there is nothing to indicate that the plaintiff had actual or constructive notice thereof. There is nothing in the record to sustain the contention of defendant that plaintiff ratified the acts of Reynolds or that plaintiff was estopped to assert her title.

The court found the issues in favor of plaintiff upon sufficient evidence to sustain the finding, by which this court is bound.

Error is assigned upon the rulings of the court upon the rejection of evidence offered by appellant. No exceptions were saved to these rulings, and for this reason we cannot review them.—*Carlin v. Freeman*, 19 Colo. App. 334, 341; *Jewell v. Shaw, idem.*, 354, 356, and cases cited.

It is asserted that there was no demand for the return of the property before the action was commenced. From the evidence as it appears in the record, this case falls within the rule announced in *Lamping v. Keenan*, 9 Colo. 390, and *Hennessey v. Barnett*, 12 Colo. App. 254. No demand was necessary.

It is insisted that there was no finding of the separate value of each animal, and therefore the judgment is erroneous. This proposition is not tenable.

In *Stevenson v. Lord,* 15 Colo. 131, 132, it is said:

"While in some of the states the value of the different articles involved in this action (replevin) must be separately found, such has not been the rule in Colorado. The statute provides that, 'in an action

for the recovery of personal property, judgment for the plaintiff may be for the possession, or the value thereof in case a delivery cannot be had.' This provision has been regarded as satisfied by a finding of the total aggregate value of all the chattels wrongfully withheld.''

The finding herein complies with the above rule.

The court found that, at the commencement of the action, the plaintiff was the owner, and entitled to the possession of, the stock replevined, which was retained by the defendant under a forthcoming bond; that the value of the stock was $250; and adjudged that possession of the stock be restored to plaintiff. It is urged by appellant that the judgment not being in the alternative, as required by Mills' Ann. Code, section 227, is erroneous and should be reversed.

Section 227 provides: ''In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery cannot be had, and damages for the detention.''

In replevin the judgment should, as a rule, be in the alternative for the possession of the property, or the value thereof in case a delivery cannot be had. This is for the protection of the plaintiff. Defendant cannot complain that the judgment is less favorable to the plaintiff than she is entitled to under the law.

There is nothing in the record to indicate that a delivery of the property sued for cannot be had.

All errors assigned upon the record presented, which we are at liberty to review under the rules above stated, have been disposed of, and discovering no reversible error in the record, the judgment will be affirmed.                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concurring.