[No. 4895.]

## AUSTIN v. AUSTIN.

1. **Appellate Practice — Sufficiency of Record — Separate Maintenance—Refusal to Dissolve Temporary Injunction—Final Judgments.**

   Alleged error in omitting to dissolve a temporary injunction will not be reviewed where the folios of the record to which the supreme court's attention is directed by the assignments of error do not show a motion to dissolve, and no such motion is found in the abstract; moreover, it is only the final judgment of a trial court that will be reviewed.—P. 132.

2. **Husband and Wife—Separate Maintenance—Courts—Jurisdiction.**

   The district court has jurisdiction of a suit by a wife for separate maintenance, and she is not compelled to resort to the criminal law to enforce support nor to bring an action for divorce.—P. 133.

3. **Appellate Practice—Harmless Error—Instructions Irregularly Numbered.**

   A party cannot complain because instructions are irregularly numbered, where no possible prejudice resulted to him, nor can such alleged error be reviewed when raised for the first time on appeal.—P. 133.

4. **Appellate Practice—Instructions—Insufficient Objection Below.**

   An objection that an instruction directed particular attention to defendant and his testimony will not be reviewed where

the general exception to the instruction did not call the trial court's attention to such objection.—P. 134.

5. **Appellate Practice—Verdict—Objection—First Made on Appeal.**

An objection first made on appeal that one verdict was unsigned, and that another was improperly signed, will not be considered where objector's counsel was present when the verdicts were received, and made no objection.—P. 134.

6. **Husband and Wife—Separate Maintenance—Decree on Uncorroborated Testimony.**

A wife may be awarded a decree for separate maintenance on her uncorroborated testimony.—P. 135.

7. **Husband and Wife—Separate Maintenance—Wife's Means—Effect.**

That a wife has some separate means does not preclude her from bringing an action for separate maintenance.—P. 135.

8. **Husband and Wife—Separate Maintenance—Harmless Error —No Order Regarding Child.**

In a suit for separate maintenance, the court's failure to make some order regarding an infant, on awarding the wife a decree, was not prejudicial to the husband.—P. 136.

9. **Husband and Wife—Separate Maintenance—Pleading—Cross-Complaint for Divorce—Proof.**

On a complaint for separate maintenance and a cross-complaint for divorce, both founded on alleged cruelty of the adverse party, the wife was not required to repeat the allegations of cruelty contained in her complaint in her answer to the cross-complaint, in order to admit proof of them in defending against the cross-complaint.—P. 137.

10. **Appellate Practice — Admission of Testimony — Insufficient Record.**

The alleged erroneous admission of evidence will not be reviewed where such evidence is not set forth in the abstract, and the folio of the record where it may be found is not given.— P. 137.

11. **Judgments—Entry—Time For.**

Where a trial court has made findings and pronounced judgment, the clerk may enter the decree as of that date, although the form thereof is not prepared until long after, and the judge may date the decree as of the time announced.—P. 138.

12. **Husband and Wife—Separate Maintenance—Decree—Property.**

A decree awarding a wife alimony until she and her husband are reconciled to live together again, is not objectionable on the ground of leaving the reconciliation entirely in her hands.—P. 138.

13. **Appellate Practice—Objection Not Urged Below.**

On appeal from a decree awarding temporary alimony, the husband cannot complain that the decree leaves the question of reconciliation entirely in the wife's hands, where it does not appear that he proposed a form of decree, or that such specific objection was made below.—P. 138.

14. **Husband and Wife—Separate Maintenance—Decree—Costs.**

On awarding a decree for separate maintenance, it is within the court's discretion to withhold from the husband the benefits he is entitled to thereunder until he pays the costs.—P. 139.

*Appeal from the District Court of the City and County of Denver.*

*Hon. John I. Mullins, Judge.*

Action by Laura V. Austin against William C. Austin. From a judgment for plaintiff, defendant appeals.                                    *Affirmed.*

Mr. F. D. TAGGART, for appellant.

Messrs. WARD & WARD, for appellee.

*Per Curiam*, Department 3: The plaintiff (appellee here) brought suit in the district court of the city and county of Denver for separate maintenance. The defendant answered, and, in a cross-complaint, prayed for a divorce. The court awarded plaintiff the sum of twenty-five dollars a month for her support. The jury returned a verdict finding the plaintiff not guilty of extreme cruelty, as charged in the cross-complaint. The defendant has appealed from the judgment and has alleged error in nineteen assignments, which will be considered in the course of the opinion.

We shall consider the assignments of error in the order they are presented in the brief of counsel.

The first and thirteenth assignments of error relate to the alleged error of the court in granting a temporary injunction and in omitting to dissolve the temporary injunction. The folios of the record

to which our attention is directed by the assignments of error do not show any motion to dissolve the injunction, and we have not found such motion in the abstract. Moreover, it is only the final judgment of the trial court that we are authorized to review.

The second, third and fourth assignments of error relate to the interlocutory orders granted by the court, and we shall not consider the assignment.

By the eleventh assignment the jurisdiction of the court to entertain an action for separate maintenance is challenged. It is settled in this jurisdiction that such an action may be maintained by the wife, and that the district court has jurisdiction to try such an action.—*In re Popejoy,* 26 Colo. 32.

The appellant contends that the wife is afforded an adequate remedy through the medium of the statute which makes it a misdemeanor for a husband to willfully neglect, fail or refuse to provide reasonable support and maintenance for his wife and minor children; but we do not think the wife is compelled to resort to the criminal law to enforce support from her husband, but may maintain an action for separate maintenance independently of an action for divorce or of the criminal proceeding.

In discussing assignments of error numbered five and six, counsel contend that the court erred in confusing the jury by incorrectly numbering the instructions, and incorrectly stating the law governing the case in the eighth instruction, given as the seventh.

The court gave seven instructions. In the record proper two of them are numbered one, and there is no instruction numbered six; in the bill of exceptions one of them is numbered two and one-half. One of the instructions numbered one in the record proper, appears in the bill bearing the number two and one-half. There could have been no prejudice resulting

to the defendant because of this irregular manner of numbering the instructions. Besides, the court was not requested to number them differently, and the question is raised for the first time here.

Objection was not made to the giving of any instruction except number seven. Number seven is an instruction concerning the credibility of the defendant as a witness and the weight to be given to his testimony, and is in the form usually offered by the district attorney in cases where a defendant testifies. It states the law correctly, and is objectionable only because it directs particular attention to the defendant and his testimony. If the defendant had offered a similar instruction concerning the plaintiff and the court had refused it, the giving of the one and the refusal to give the other would constitute serious error; but the defendant offered no instruction on the subject embraced in number seven, or on any other subject, for that matter, and as the general exception saved to the giving of this instruction in no manner called the attention of the court to the objection that is now raised, we shall not further consider the assignment on the subject of instructions.

The record recites that the jury returned a verdict in favor of the plaintiff on the cross-complaint. The verdict is set out in the record and shows that it is unsigned. The same order also recites that afterwards the jury returned the verdict set out in the order. This verdict is signed by one of the jurors, but it is not signed as foreman. This condition of the record is made the basis for assignments numbered seven and nine. No exception was taken to receiving either verdict, nor is this irregularity made a ground for a motion for a new trial. The record shows that counsel was present when these verdicts were received, and if he had objection to the form of the verdict, or to the fact that it was un-

signed, or that it was not signed by the foreman of the jury, he should have made objection at the time, and he will not be heard to object here for the first time.

The ninth assignment is based upon the alleged error of the court in overruling the motion for a new trial. Under this head the counsel cites numerous cases which hold that the court will not grant a decree upon the uncorroborated testimony of a party. But no authority from this state has been cited in support of this position, and we know of none. The statute does not require it, and until the legislature requires corroborative evidence in a case of this character, the courts should not require it.

The tenth assignment is based upon the refusal of the court to dismiss plaintiff's petition for separate maintenance. Our attention is directed to folio 277 of the abstract as containing the motion to dismiss the plaintiff's petition. We have not found the motion. The plaintiff, at the time she instituted the suit, had in her possession the sum of five hundred and twenty dollars. The defendant says because she was possessed of this sum she was not entitled to maintain her suit for separate maintenance, and we shall assume that the defendant moved to dismiss upon this ground. We know of no authority which declares that the wife must be wholly without means before she is qualified to bring suit against her husband. The court undoubtedly took into consideration, when he awarded the very modest sum of twenty-five dollars a month to the plaintiff for her support, that she was possessed of this sum, and we must presume that the court found that the amount the wife was possessed of was not sufficient to meet her necessary demands and that the amount awarded, together with what she possessed, would supply her needs.

The twelfth assignment relates to the failure of the court to make some order regarding the minor child. This child was born May 25, 1903; the decree was signed April 11, 1904. The decree is silent as to the custody of this child. Wherein the defendant is prejudiced by this failure of the court, his counsel does not say.

. The fourteenth and fifteenth assignments relate to the alleged error in receiving testimony over defendant's objection and in rejecting testimony offered by the defendant. The testimony which it is claimed was erroneously received is set out in detail in the abstract, and relates to matters charged in the complaint as constituting cruelty. It was competent as tending to sustain the allegations of the complaint. Counsel contends that it was entirely outside of the issue made in the cross-complaint and that in receiving it reversible error was committed. We shall not determine whether a defendant may or may not, in a suit for separate maintenance; file a cross-complaint in which he prays for a divorce. The precise point has not been decided in this jurisdiction. At least, no case has been called to our attention where the precise point has been decided, and we prefer to not pass upon that question until after full argument; but we shall, for the purposes of this case, assume that the defendant may, by way of cross-complaint, seek and obtain a divorce in a prosecution for separate maintenance. The plaintiff alleged as ground for relief that the defendant was guilty of cruelty toward her, and set out with particularity the various instances in which the defendant had been derelict in his duty. The defendant, by way of cross-complaint, asked for a divorce upon the ground of extreme and repeated acts of cruelty upon the part of his wife. The jury was called, it seems, to determine the issues raised in the cross-

complaint, and we think it was entirely competent to hear, at that time, the evidence of cruelty alleged in the complaint. The usual practice is to hear all the issues at the same time, and it is not important in which order the proof is taken. If the defendant was guilty of such cruelty as entitled his wife to leave him, he was not entitled to a divorce. If he may, by cross-complaint, set up acts of cruelty on the part of his wife, she is not required, in an answer to the cross-complaint, to repeat the allegations of the complaint, in order to offer proof of them in defending against the cross-complaint. No error, therefore, was committed by the court in receiving the evidence of acts of cruelty on the part of the defendant at the time it was received.

Counsel complains that evidence of acts of cruelty not averred in the complaint was received. The evidence is not set forth in the abstract, nor is the folio given where it may be found, and we shall not search the record.

Counsel says, in discussing the nineteenth assignment of error: "This record shows that this decree was signed, as a matter of fact, on the 3rd day of May, 1904, long after the term had passed by after the case had been heard, and that the record will show that the date of the decree has been changed from May 3rd and dated back to the last day of the former term, for the evident purpose of making it valid."

Counsel should not make charges of this character without offering some proof in support of them. In the assignment he does not refer to the place in the record where it appears that the date of the decree has been changed, nor to the place where he made objection to the signing of the decree because of the lapse of the term, nor does any such objection appear in its proper place in the record. In the rec-

ord proper an order appears under date of April 11th, 1904, reciting the finding of the court in favor of the plaintiff and directing that a decree be entered in accordance with the finding, and recorded in the judgment book. Immediately following this is a recital that on the 11th day of April, 1904, the following further proceedings were had, and entered of record in the judgment book.

Then follows the decree, closing with the recital: "Done and signed in open court this 11th day of April, 1904." Following this is the signature of the judge. The findings are set out in the bill of exceptions, but it is not stated on what day they were made. It is the common practice for the judge, after making findings and pronouncing judgment, to request the attorney in whose favor the judgment is rendered to prepare for the clerk the judgment order and decree, and there is no objection under such circumstances to the clerk entering the judgment order or decree in the record under the proper date, although the form of the order is not prepared until long after; nor is there any objection to the judge dating an order back if he has theretofore made findings and pronounced judgment.

By the eleventh and seventeenth assignments appellant criticises the decree awarding alimony, upon the ground that it leaves the question of reconciliation entirely in the hands of the plaintiff. Also because the court, as a condition precedent to the defendant's visiting the minor child, Mildred, whose custody was awarded to the plaintiff, ordered that he should pay the costs taxed against him. The decree is a temporary *decree,* and awards alimony until the parties are reconciled to live together again, and is not objectionable. Moreover, the abstract does not show that the defendant proposed a form of decree,

or that the specific objection now urged for setting it aside was made in the court below; nor is the contention that the decree refuses permission to visit the minor child until the costs are paid, tenable. The decree, in substance, provides that the defendant shall not be entitled to its benefits until he pays the costs. This is not an unusual provision, and as such matters rest almost wholly in the discretion of the trial judge, we shall not disturb the decree because of this provision.

The eighteenth assignment of error relates to an interlocutory order, and will not be considered.

The court and jury preferred to believe the statements of the plaintiff and not to believe the statements of the defendant. If the plaintiff's statements were believed, she was entitled to separate maintenance and the defendant was not entitled to a divorce. We desire to repeat that we do not hold that a defendant may, in an action for separate maintenance, obtain a divorce by way of cross-complaint, and that we do not determine the question for the reason that we prefer to reserve a consideration of it until it shall have been fully presented. If, however, the defendant is correct in his contention that only such issues as are raised by the cross-complaint can be heard at one time, and that upon such hearing proof in support of the allegations of the complaint are not relevant, he has advanced a very good reason for holding that a divorce cannot be granted a defendant in a proceeding for separate maintenance.

Perceiving no error in the record, the judgment is affirmed.                                    *Affirmed.*

*Per Curiam.*