[No. 5922.]

## GERMAN FIRE INSURANCE COMPANY v. HERBERTSON ET AL.

1. **Insurance—Conditions of Policy—Waiver**—Defendant insured plaintiff's building. It was situate on leased ground. No inquiry as to the title was made by the insurer, and no representations given by the insured. There was no written application for the insurance, and the insured made no representations, and was guilty of no fraudulent concealment to obtain the insurance. Held, that a condition that the policy should be void "if the subject of insurance be a building on ground not owned by the insured in fee simple," was waived.—(218)

2. **Appeals—Finding on Sufficient Evidence will not be disturbed.**—(219)

*Appeal from Denver District Court* — Hon. BOOTH M. MALONE, Judge.

Mr. SYLVESTER G. WILLIAMS for appellant.

Mr. GEORGE K. ANDRUS for appellees.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This is an action upon an insurance policy, insuring a building and stock of merchandise, belonging to the plaintiffs, against fire and containing, among other things, the following provision:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if * * * the subject of insurance be a building on ground not owned by the insured in fee simple."

While the building was owned by the plaintiffs, it stood upon ground leased by them. No agreement covering this was indorsed on or added to the policy. The policy was obtained for the plaintiffs, through an insurance broker, from the regular agents of the company. No written application was made for it. No inquiry was made by the agents about the

title to the ground, and no representations relative thereto were made to them. There is no evidence or claim of any fraudulent concealment of facts in order to obtain the insurance. The agents, who represented several companies, had, for several years before, written insurance on this building in other companies for persons that owned it and leased the ground. One of the agents testified that he did not know the building was on leased ground. Their office seemed to regard it as an old risk with which they were familiar. For some reason, they regarded it as hazardous and demanded and received from the plaintiffs increased premium for the insurance. The agents did not appear to attach any materiality to the question of title to the ground and the plaintiffs remained in ignorance of any such materiality. The policy seems to have been issued, received and paid for, in good faith, for the purpose of indemnifying the plaintiffs against loss of their building and merchandise by fire. Under all these circumstances, the law imputes to the company a knowledge of the condition of the title to the ground, and it waived the aforesaid provision in its policy issued with such knowledge. Such a conclusion is the only one consonant with correct business methods and is supported by the weight of authority.—*Glens Falls Ins. Co. v. Michael,* 167 Ind. 659; *Allesina v. London Ins. Co.,* 45 Ore. 441; *Hall v. Niagara Fire Ins Co.,* 93 Mich. 184; *Miotke v. Mechanics' Ins. Co.,* 113 Mich. 166; *Hanover Fire Ins. Co. v. Bohn,* 48 Neb. 743; *Phoenix Ins. Co. v. Fuller,* 53 Neb. 811; *Wright v. Scottish Union, etc., Co.,* 136 Cal. 542; *Dooly v. Hanover Fire Ins. Co.,* 16 Wash. 155; *Lancashire Ins. Co. v. Monroe, Jefferson & Co.,* 101 Ky. 12; *Philad. Tool Co. v. British Am. Assur. Co.,* 132 Pa. St. 236; *Manchester Fire Assur. Co. v. Abrams,* 89 Fed. 932.

On behalf of the defendant, it is claimed that the plaintiff, after the loss, committed fraud and false swearing, touching a matter relating to the subject of the insurance, contrary to another provision of the policy. This matter was submitted to the jury under proper instructions. The jury found against the defendant upon sufficient evidence, and that finding will not be disturbed. The judgment is affirmed.                    *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.