[No. 6306.]

THE DENVER PRESSED BRICK COMPANY v. YOUNG.

1. **Appeals—Findings on Conflicting Evidence** will not be reviewed, where there is sufficient substantial evidence to support them.—(500)

2. —— **Harmless Error** — The exclusion of competent evidence which is merely cumulative and could not have changed the result, is harmless.—(501)

3. **Principal and Agent—Implied Authority of Agent**—The president of a manufacturing company, in charge of its affairs, has implied authority to purchase chattels for use in its ordinary business.—(501)

4. **Interest**—The vendor of chattels, suing for the price, is entitled to interest from the day when the goods were accepted, if no other day of payment was appointed.—(502)

Fruitless negotiations for a payment otherwise than in money have no effect to enlarge the time of payment.—(502)

*Appeal from Denver District Court*—Hon. HARRY C. RIDDLE, Judge.

Mr. S. C. WARNER for appellant.

Mr. Fred A. Williams and Mr. George Q. Richmond, for appellee.

Mr. Justice Gabbert delivered the opinion of the court:

Appellee, as plaintiff, brought suit against appellant, as defendant, to recover the purchase price of machinery known as a New Departure Brick and Tile Machine, with appliances, which he claimed to have sold to the defendant company for the sum of one thousand dollars. The issues were tried to the court and judgment rendered for plaintiff in the sum of one thousand dollars and interest, from which the defendant has appealed.

Counsel for defendant contends that the judgment is against the evidence; that the machinery, if purchased at all, was not purchased for the company, and that there was no such acceptance by the company as would take the transaction out of the provisions of the statute of frauds. The testimony bearing on these questions was conflicting, but was resolved by the trial court in favor of the plaintiff. Plaintiff claimed, and so testified, that his negotiations were with a Mr. Morrison, then president of the defendant company; that the agreement was to the effect that the machinery was to be taken to the premises of the defendant, and there tested. If found satisfactory, the company was to pay the sum of one thousand dollars therefor; if not satisfactory, the company was to pay for whatever repairs were made, and return the machine to the plaintiff, at its own expense, within ninety days. The machine was taken to the premises of the defendant, and there tested. Plaintiff states that the result of the test was entirely satisfactory, and that the machine was accepted for the company at the price agreed upon. Witnesses on behalf of the defendant stated that the

purchase was dependent upon the result of the test, which, they say, was not satisfactory. There is also testimony to the effect that the purchase, if made, was by the representative of the company with whom the negotiations were had, either on his own behalf or on account of a company which he contemplated forming. The machine was left on the premises of the defendant, and remained there something like four years before plaintiff's action was commenced, no bill, in the meanwhile, having been presented to the company. Plaintiff excuses this delay in asserting his claim upon the ground that there had been some negotiations with the president of the company looking towards taking stock of the latter in payment for the machinery, which, however, was never consummated.

Circumstances and testimony are called to our attention which tend strongly to corroborate the contention of defendant that the machine was never purchased; but these were matters which it was the exclusive province of the trial court to consider, in connection with the testimony of the respective parties relative to the transaction, and we cannot say, from a mere review of the record, unless we usurp the function of the trial judge, that they were of such a character, or of such probative force, as to overcome the positive testimony of plaintiff, that the test of the machinery was satisfactory to the defendant company, and accepted by it. In other words, we must follow the rule so often announced, that where there is a conflict in the testimony, the findings of fact by the trial court will not be disturbed on appeal when, as in the case at bar, there is sufficient substantial testimony to sustain them.

It is next urged that the evidence is insufficient to establish that the president of the company had authority to purchase the machinery for the defend-

ant. At the time of the transaction the defendant was engaged exclusively in the manufacture of pressed brick, which was known to the plaintiff. But it also appears that at the time of the negotiations between the plaintiff and the representative of the defendant, that the latter was putting in a plant for the manufacture of stiff mud material, for which purpose the machine in question was to be used as a part of such plant; and that Mr. Morrison had charge generally of the business of the company. The president of a corporation in charge of its affairs has the implied power to purchase chattels used, or to be used, in the ordinary course of its business; and as the evidence discloses that the company was arranging to engage in the manufacture of articles by means of a plant of which the machinery purchased from plaintiff would form a part, it appears the president, in making the purchase, was acting within the apparent scope of his authority as the agent of the defendant company.

The most serious question urged upon our attention by counsel for defendant is the ruling of the court in rejecting what was clearly material testimony. Defendant sought to show by a witness that it had never used the machinery and that the test made was not satisfactory. Clearly this evidence was competent under the issues, because it would tend to prove that the company had never purchased the machinery; but, notwithstanding the fact that its rejection was erroneous, we are of the opinion that it was not prejudicial. The testimony disclosed without dispute that the defendant company had never used the machinery, and there was other evidence introduced by defendant to the effect that the test made was not satisfactory; so that the evidence rejected was nothing more than cumulative and could not have changed the result. The defendant also

offered to show that the books of the company did not disclose any record of the transaction upon which plaintiff based his cause of action, which was refused. If this evidence was material, we think its rejection was non-prejudicial, for the same reasons. Besides, it appears that testimony of this character had previously been introduced by defendant without objection.

Interest was allowed on the purchase price from the date when, according to the finding of the court, the machinery was accepted by the defendant. On the part of defendant it is contended that plaintiff was not entitled to interest until after demand for payment, which was only a short time before his action was commenced. This claim is based upon the testimony of the plaintiff, which was to the effect that he told the president of the company he would rather take company stock for the bill than the cash. Such an arrangement was never effected, and hence, it cannot be successfully claimed that payment of the account was postponed to a future day. It was due when the machinery was accepted, and merely discussing a plan to liquidate it in some other way than by the payment of cash did not prevent it from drawing interest from the date it was due.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.