## No. 8998.

### LEE *v*. GUNBY.

1. APPEAL AND ERROR—*Finding upon Conflicting Evidence,* sufficient to support it, will not be disturbed.
2. —— *Harmless Error.* The admission or exclusion of cumulative evidence, of a character, not necessarily requiring a finding at variance with the result reached below is harmless.

*Error to Morgan District Court, Hon. H. S. Class, Judge.*

Messrs. JOHNSON & ROBISON, Mr. RAY E. LEE, for plaintiff in error.

Mr. FLOYD E. PENDELL, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS was a suit by plaintiff, Lee, to recover $500.00 and interest, claimed to be due from defendant, Gunby, because the latter stopped payment on a check drawn by him for that amount to plaintiff. The case was tried to the court with general findings for defendant, with a judgment of dismissal. Lee brings the case here for review on error.

The facts are in substance that Lee was negotiating an exchange of his equity in certain land with one Hayden,

for the equity of Hayden in other real property. They had placed with Gunby, a real estate broker, who held a mortgage on the Hayden land, two checks, one by Lee for $1,000.00, and the other by Hayden for $500.00. The checks were drawn to the order of Gunby, with the understanding that if the deal was completed the amount so deposited was to be placed to the credit of Hayden upon the mortgage debt which the latter owed Gunby. It is claimed by Lee that these checks were not to be deposited for collection, unless and until the exchange of land was consummated, and then only upon the joint order of himself and Hayden. Gundy claims that he was to use the checks upon notification of either of the parties that the deal was closed. Gunby was notified by Hayden that the trade had been made, and he accordingly deposited the checks for collection. Afterward, but before the checks were paid in regular course, Lee notified Gunby that the deal had been abandoned. Thereupon Gunby gave Lee a check for $1,500.00 but later took back this check and gave in exchange one for $500.00. Lee stopped payment on his original check for $1,000.00, and Hayden stopped payment on his for $500.00. Gunby then stopped payment on the check for $500.00 which he had given Lee, who thereupon began this suit, to recover that sum with interest.

It is claimed that the Hayden check for $500.00, deposited in escrow, was in reality money belonging to Lee, and that Gunby knew this fact, and held it as a trustee for Lee. Gunby contends that the entire transaction between himself and Lee was simply a convenient way to make settlement between the parties, after the proposed trade between Lee and Hayden had fallen through, and that the check involved, was given without consideration. Lee sets up the return of the check for $1,500.00 by him to defendant as a consideration for the $500.00 check given to him by Gunby.

The questions involved are all of fact, and were in dispute. The findings of the court are in substance that the check sued upon was accepted with full knowledge that the pay-

ment of it was contingent upon the payment of the Hayden check; that plaintiff knew of, and acquiesced in, all the proceedings leading up to the receipt of this check by himself; and that such check was without consideration.

The conclusion reached by the trial court is based upon and supported by the testimony adduced. Much of it, especially as to the controlling points, was in direct conflict, and the court resolved the issues in favor of Gunby. There is nothing in the record, either of law or fact, which necessitates a different conclusion. It is well settled that upon conflicting testimony a judgment will not be disturbed if there is sufficient evidence to support it. *Copeland v. Kilpatrick,* 38 Colo. 208, 88 Pac. 472; *Wadsworth Ditch Co. v. Brown,* 39 Colo. 57, 88 Pac. 1060; *Downing v. Ernst,* 40 Colo. 142, 92 Pac. 230; *Almosa Creek Canal Co. v. Nelson,* 42 Colo. 139, 93 Pac. 1112; *Petterson v. Payne,* 43 Colo. 184; 95 Pac. 301; *Farral v. Garfield Co.,* 49 Colo. 165, 111 Pac. 839; *White v. Nuckolls,* 49 Colo. 176, 112 Pac. 329; *German Co. v. Herbertson,* 49 Colo. 217, 112 Pac. 690, and *Denver Co. v. Young,* 49 Colo. 500, 113 Pac. 499.

Certain testimony offered by Lee was excluded, and certain other testimony offered by Gunby was admitted over objection by Lee. Both of these rulings are assigned as error. The court, however, fully understood the nature of the testimony so rejected and received. Both that so received and that rejected was cumulative, and not of a character to necessarily require different findings, so that the rulings, even if erroneous, were not in any event prejudicial.

The findings of the trial court are supported by sufficient competent, pertinent and credible testimony, and there appears to be no error in the record. Furthermore, we have critically examined the whole record, including the testimony offered by plaintiff, Lee, which the court excluded, and are firmly convinced that Gunby had no actual interest in the transaction, but acted merely as a depositary; and that he should not be saddled with any liability

whatsoever in the matter. The judgment rendered meets out evenhanded justice, and should be affirmed.

*Judgment affirmed.*

Mr. Chief Justice Hill and Mr. Justice Allen concur.