No. 13,075.

KLINE ET AL. *v.* SLATER ET AL.
(37 P. [2d] 381)

Decided October 22, 1934.

Mr. Joseph P. Constantine, Mr. M. W. Spaulding, for plaintiffs in error.

Mr. Herbert M. Munroe, for defendants in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear in the same order as in the trial court and are hereinafter referred to as plaintiffs and defendants, respectively, or by name.

Defendants applied for patent on the "N & B Lode Mining Claim." Plaintiffs filed an adverse in the United States Land Office and brought this suit in support thereof, alleging that they owned, had, and were entitled to, possession of a certain portion of said claim as a part of their "Beehive Mill Site." Their prayer was "for recovery of possession of said parcel," for $75 expended in support of their claim, for $100 damages, and for costs. On motion of defendants eight paragraphs were stricken from the complaint. Defendants answered separately. Payne denied generally. Slater denied generally, and also pleaded that he was the owner of the N & B Mining Claim and was in, and entitled to, possession thereof. He further alleged that the Beehive Mill Site was mineral land, contiguous to veins and lodes, was not located in good faith, was never used or occupied for mining or milling purposes, and that no mining or milling improvements were ever made thereon. After appropriate replication the cause was tried to a jury which found "for the defendants," and further that Slater was "entitled to all of the land included in the conflict between the N & B Lode Mining Claim and the Beehive Mill Site." To review the judgment entered accordingly this writ is prosecuted.

1. The first alleged error is the order sustaining the motion to strike. The stricken paragraphs of the complaint alleged, in substance, that Slater was a

mere "dummy" for Payne who, under a partnership agreement, was a trustee for plaintiffs in the location of the N & B claim.

The statute applicable is R. S. U. S. §2326, 43 Stat. at L. 1144, 1145, U. S. C. A., Title 30, §30. The purpose of the action is to determine which of the parties is entitled to be vested with the fee. *Healey v. Rupp,* 37 Colo. 25, 86 Pac. 1015. It has no reference to a controversy between co-owners. *Stevens v. Grand Cent. M. Co.,* 133 Fed. 28. It is not an action in which equities, claimed in the title to be obtained by the patent applied for, can be adjudicated. These are matters for an independent proceeding. The paragraphs were properly stricken. *Doherty v. Morris,* 11 Colo. 12, 16 Pac. 911.

2. The judgment as to Payne was that his answer be "dismissed," and that he "shall not recover anything in this action." Nothing is here said about costs. Plaintiffs contend they were entitled to costs as against Payne because he should have filed a disclaimer. It is clear from the record that on their theory of the case plaintiffs would have proceeded exactly as they did irrespective of the answer of Payne. If, as we think, the court correctly held they were entitled to no relief in this case, we fail to understand on what theory they could be awarded costs against anyone.

3. It is said the court erroneously limited plaintiffs in their testimony as to the work done by them on their claims in connection with their occupancy of the Beehive Mill Site. We find no such limitation in the record.

4. At the beginning of the trial witnesses were excluded until called. One who, ignorant of the rule, and without the connivance of defendants or their counsel, had heard a portion of an examination of another, was permitted to testify. The record discloses no possible prejudice thereby. The matter was, at most, within the court's discretion. *Behrman v. Terry,* 31 Colo. 155, 71 Pac. 1118.

5. The refusal of the court to give plaintiffs'

instruction "A" is assigned as error. It was substantially given as the court's instruction 7.

6. The refusal of the court to give plaintiffs' instruction "B" is assigned as error. The instruction presumes to state the rule as to when the nonmineral character of a mill site, conflicting with a lode claim, is to be determined. In support of "B" counsel cite *Cleary v. Skiffich*, 28 Colo. 362, 370, 65 Pac. 59, which does not sustain them. There valuable reduction works had been constructed on the mill site. Here there were none such and the tract had not been used for "mining or milling purposes." So far as the instruction was correct it was covered by others given.

7. Error is assigned to the ruling of the court sustaining an objection to a question put to Slater, called for cross-examination under the statute, and the first witness called by plaintiffs. The purpose of the question was an attack on Slater's claim. The objection was sustained on the ground of order of proof. Within reasonable limits order of proof rests in the sound discretion of the trial court. *Lustig v. McCulloch*, 10 Colo. App. 41, 42, 50 Pac. 48. Later in the trial ample opportunity was given, and taken, to fully examine Slater on the subject.

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS, and MR. JUSTICE HILLIARD concur.